STUTSMAN v. SCHOOL DISTRICT No. 2, MADISON TOWNSHIP, POLK COUNTY.

Error must appear affirmatively upon the record, before this court will interfere with the judgment below.

Where evidence is rejected in the court below, and the record does not show the ground of rejection, this court will presume that the evidence was properly rejected.

*Appeal from the Polk District Court.*

STUTSMAN sued the school district for the use of a house for school purposes, and also for materials furnished, and work done on a school-house, at the request of defendant. To this the defendant, after denying the plaintiff's claim, pleaded a set-off, two items of which were for taxes due from the plaintiff to the district, for the year 1850, on his land and personal property. Issue was regularly taken on this set-off. On the trial, the defendant, after having proved that it was agreed between the parties, that the plaintiff should work out the taxes assessed against him on a school-house in and for the district, offered to prove by the original assessment rolls, the amount of tax so assessed, the same being charged on defendant's account. This evidence was

objected to, and the objection sustained by the court, which decision was excepted to. Judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the rejection of the testimony offered.

*Bates & Finch*, for appellant.

*J. E. Jewett*, for appellee.

WRIGHT, C. J.—This court will not presume a state of facts on which to conclude that the court below erred. We can readily see many reasons why this assessment roll was properly rejected. The bill of exceptions, it is true, is very vague, indefinite, and obscure, as to what was the cause of such rejection. If there was no objection urged against it, other than being a valid, perfect assessment roll, the amount of tax could not thus be proved, then it should have been admitted. It only appears that defendant offered to prove by the original assessment roll the tax assessed, and the court ruled that it was not admissible. Suppose that being an abstract from the county assessment, as required by section 1130 of the Code, it included property not within the district, and, therefore, it was excluded? Suppose, upon its face, it bore such evidences of irregularity and want of compliance with the law, as to give it no force or validity? If such was the condition of this assessment roll, it was properly rejected. And yet, upon this bill of exceptions, should this case be reversed, and the cause remanded, the court below would be bound to admit such imperfect and invalid assessment, for it could well be said this was once rejected, but it has been decided by the appellate court to be admissible, and, therefore, it is proper evidence, with all its defects and imperfections. To so order in this case, would be presuming too much, and concluding that there was error, without its appearing affirmatively. Error must affirmatively appear, before this court will interfere.

Judgment affirmed.