Bartruff v. Remey.

*Templin & Strong* for the appellees,

---

## BARTRUFF v. REMEY.

1. RETROSPECTIVE STATUTES. That a statute was designed to be retrospective in its operations will not be implied when it does not relate to subjects which would render such a construction necessary from considerations of public necessity. The general rule is, that whenever the intention to make it retrospective in its operation is not clearly expressed on its face, it will be construed to commence after its enactment.

2. SAME: REVENUE ACT. The Revenue act approved April 8th, 1862, (an act to amend chapter 45 of the Revision of 1860, being an act in relation to Revenue, chap. 173, Laws of 1862), is not retrospective in its operation; and penalties incurred before the taking effect thereof upon taxes delinquent when it went into operation should be assessed as prescribed by the laws under which they were severally incurred.

*Appeal from Des Moines District Court.*

TUESDAY, DECEMBER 8.

THE facts are stated in the opinion of the Court.

*C. C. Nourse*, Attorney-General, for the appellant.

*D. Rorer* for the appellee.

LOWE, J.—This is an amicable suit submitted upon an agreed statement of facts, in which the court below is

VOL. XV.—33

understood to have found for plaintiff, and defendant appeals.

Bartruff is in arrears for taxes upon two lots in Burlington for the years 1858, 1859, 1860, 1861, all of which become delinquent prior to the 1st of March, 1862. The defendant being Treasurer of Des Moines County, claims to collect the penalties provided by section 18 of the Session Laws of 1862, page 228. Bartruff, the plaintiff, contends that said section and its penalties are prospective, and apply only to taxes becoming delinquent after the passage thereof.

The object of this proceeding is to obtain a judicial construction of the Revenue Statute of 1862, above referred to, and to determine whether the same is retrospective so as to bring taxes delinquent prior to its enactments within its penalties.

We remark first, that there is a class of cases or objects requiring legislative relief or assistance, in which it is not only competent, but where from considerations of a controlling public necessity it would seem to be the dictate of wisdom that the law-making body should give to their enactments a retrospective operation. Aside from this class of cases, within which the statute in question does not fall, the general tendency of the judicial mind has been, and that too with great steadiness of purpose both in England and this country, to hold that unless the retrospective intention of the Legislature is clearly expressed upon the face of the enactment, it shall be deemed to commence *in futuro*. Now there is nothing in the Revenue Act approved April 8th, 1862, from which it can be reasonably inferred that the General Assembly meant it to operate retrospectively, and we are not at liberty under the principle just stated to give it that construction. The Treasurer, therefore, of Des Moines County is not authorized to enforce the penalties of this statute against tax

payers who became delinquent anterior to the time of its taking effect as a law.

The submission in this case and the judgment of the Court thereon, are both more or less inexplicit as it is claimed, and the last assignment charges that the Court erred in not determining whether the plaintiff was liable to any penalties for his default in the event the provisions of the act of 1862 were inapplicable, and we are asked not to leave this question open and unsettled.

· Section 18 of the act of 1862 repeals the penalty on delinquent taxes contained in section 760 of the Revision of ·1860, subject, however, to the saving clauses of section 29, of the Code, which reads as follows: " The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under and by virtue of the statute repealed."

The provisions of this section continue the right to enforce the penalties that shall have accrued under repealed statutes; so that it becomes the duty of the collector whenever a new Revenue Law is passed, prospective in its operation according to the rule above suggested, changing the penalty upon delinquent taxes, to collect such penalties by virtue of the law under which they were incurred. This rule or construction makes the duty of county collectors a plain one, and easily to be understood by all parties interested, whilst it carries out the intent of the law makers. The judgment will be affirmed, but rendered up in this Court in such form as fully to set forth the exposition herein given of the question presented.

### THURSDAY, DECEMBER 24.

The Attorney-General asked the Court, in a petition for a rehearing, to make the foregoing opinion more explicit

upon one question vaguely presented by the agreed statement of facts. The ruling of the Court was announced by

Lowe, J.— It being suggested that the opinion of the Court as announced, does not determine the question whether taxpayers who became delinquent under laws repealed are liable to pay the penalties under the Revenue Law of 1862, for the time they shall continue to make default thereunder, and that the same should be settled by our decision. We reply, that that particular question was not, as we understand it, embraced in the submission made by the parties, yet we have but little hesitation in saying, that if delinquents continue to make default in payment of their taxes, after the taking effect of said act, that that would be a new delinquency, and that the penalties of said act would attach for the time default is made under the same.

Affirmed.

WRIGHT, J., concurred in the ruling upon the construction of the statute, but did not approve of the practice tolerated in this case. After the opinion was filed the petition for a rehearing should have been overruled or granted, but no change in the law as declared should be made without giving the other party notice in the manner prescribed by the rules of practice in this Court.