## McIntosh v. Kilbourne, Leighton & Co.

1. **Practice:** AFFIRMATIVE SHOWING OF ERROR. On an appeal to the supreme court, error complained of must be made affirmatively to appear.

2. **Statutes:** RETROSPECTIVE OPERATION. A retroactive effect will not be given to statutes, unless it is shown by the language used that it was the manifest intent of the legislature that they should have that effect.

3. **Venue:** CHANGE OF: PAYMENT OF COSTS. Where on the motion of a defendant sued in the wrong county, the venue is changed to the county of his residence, an order that the plaintiff be barred from further prosecuting his suit until he pays the cost awarded to the defendant is unauthorized and erroneous.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION in ordinary to recover $6,359.90 upon a written agreement executed by both plaintiff and defendants. The writing sued on does not specify any place of performance. The plaintiff avers in his petition that defendants are partners and have an office in Polk county for the transaction of their business. By amendment, it is also averred that defendants were, when said contract was made, July 18, 1866, the lessees

of the Des Moines Valley Railroad, a corporation having its principal office and place of business in Polk county; that at said date, defendants were engaged in constructing said railroad, and the plaintiff was a sub-contractor thereon in Polk county; that the contract sued on was made and executed in said Polk county, the work was done under it there, and the damages claimed grew out of said work. The original notice was personally served on each of the defendants in Keokuk, Lee County, Iowa.

At the proper time, the defendants appeared and moved the court to transfer the cause to Lee county, and for costs and attorney's fees for being required to appear in the wrong county, under Revision, 1860, section 2802. The abstract also contains an affidavit by one of the defendants, that each member of the firm resided in Lee county at the date of the transaction out of which this suit arose, and each of said defendants have ever since and still do reside there; that the defendants never had any agency or office in Polk county at any time, out of which the transaction originated, etc. The court sustained this motion, ordered a change of the venue to Lee county and awarded defendants fifteen dollars costs, and that plaintiff be barred from further prosecuting the suit until said sum was paid into court for the use of defendants. The plaintiff excepted and appeals.

*John D. Rivers* for the appellant.

*Nourse, Kauffman & Holmes* for the appellees.

Cole, J.—We cannot say that the court erred in allowing the change. There is nothing in the abstract to show that we have all the evidence upon which the court below acted. This court will not presume a state of facts on which to conclude that the court below erred; error must be made affirmatively to appear. *Stutsman* v. *School District No. 2*, 1 Iowa, 94 and cases cited in note *b* in Cole's edition.

But further than this, we hold that while statutes may constitutionally have a retroactive effect, such effect will not be

given them in the absence of a manifest intent by the legislature, shown by the language, that they shall have that effect. *Bartruff* v. *Remey*, 15 Iowa, 257; § 2, ch. 95, Laws 1872, which provides that, "companies and persons engaged in the construction and erection of railroads, telegraphs, canals, or other similar works, in this State, may be sued upon any contract relating thereto, or to any part thereof, or for damages in any manner growing out of the work thereon in any county where such contract was made or performed, in whole or in part or where the work was done out of which arose the damages claimed," does not evince a legislative intent that it shall apply to contracts made, and executed or broken in 1866.

We do not, however, know of any authority for ordering "that the plaintiff be barred from a further prosecution of this suit until said sum of fifteen dollars be paid into this court for the use of the defendant." The order will, therefore, be so modified as to omit this clause, and otherwise the judgment will be, at the costs of the appellees.

Affirmed.