PAYNE v. THE C., R. I. & P. R. Co.

1. **Negligence**: RAILROADS: SIGN AT CROSSING. The failure of a railway company to provide a sign-board at a crossing did not, under the Revision, render the company liable for injuries received at the crossing simply upon proof of the neglect. The party injured must also have established his own care to entitle him to recover.

2. ——: ——: ——. The rights of the party injured were determined by the statute in force at the time he received his injuries, and he can derive no advantage from a subsequent statute enacted before the commencement of his action, enlarging the liability of the railway company.

*Appeal from Madison District Court.*

TUESDAY, OCTOBER 3.

ACTION at law to recover for personal injuries inflicted upon plaintiff by a train on defendant's railroad striking a wagon, in which plaintiff was riding, at a place where a highway crossed defendant's railroad. There was a verdict and judgment for plaintiff. Defendant appeals. The cause has before been in this court, see 39 Iowa, 523.

*Wright, Gatch & Wright* and *Ruby & Murray*, for appellant.

*Bryan & Seevers* and *Eli Wilkin*, for appellee.

BECK, J.—I. The plaintiff, with others, was riding in a wagon upon a highway which crossed defendant's railroad.

1. NEGLI-GENCE: railroads : sign at crossing.

At the crossing their wagon was struck by a passing train, and plaintiff was severely injured. Much evidence was introduced upon the question of care exercised by plaintiff, and of the negligence of defendant. Among other facts established by the evidence, it was shown that the sign, required by law, had not been erected at the crossing. Upon this evidence, the court instructed the jury as follows: "It was, and is, the duty of railroad companies, at all points where their tracks cross any public highway, to erect, at a sufficient elevation from such highway to admit of free passage of vehicles of every kind, a sign with large and distinct letters placed thereon, to give notice of the proximity of the railway, and warn persons of the necessity of looking out for the cars; and any railway company neglecting or refusing to erect such sign is liable for all damages sustained by reason of such neglect and refusal; and in order for the injured party to recover damages for injuries sustained by reason of such neglect and refusal, it is only necessary for him to prove the neglect and refusal." This instruction is based upon and in accord with Code, § 1288.

But the accident which caused plaintiff's injuries, for which he sues, occurred February 15, 1872, before the above named provisions of the Code took effect, at which time his cause of action arose. The statute in force at that time, requiring railroad companies to erect signs at crossings, differs from the provision of the Code. It provides that a company neglecting or refusing to erect a sign "shall be liable in damages for all injuries occurring to persons or property by such neglect or refusal." To this provision the Code adds these words: "and in order for the injured party to recover, it shall only be necessary for him to prove such neglect and refusal."

Under the Code, the failure or refusal of a railroad company to erect the sign renders it absolutely liable in a case wherein it is shown that a person was injured at a crossing. Evidence of the injury and of the company's neglect to erect

the sign establishes the company's liability. In such case it is not necessary for the plaintiff to show his own care.

Under the corresponding section of the Revision, the neglect to erect the sign did not render the company absolutely liable, and was only evidence of negligence. A party seeking to recover for an injury resulting from such neglect, was required to show his own care. *Dodge v. B., C. R. & M. R. Co.*, 34 Iowa, 276.

II. The rights of the plaintiff were determined by the law as it stood when the rights accrued. If negligent, plaintiff had no right of action under the Revision. The change in the statutes will not create a right based upon prior acts, nor take away rights at the time existing. Code, § 50.

III. The construction of the section of the Code in question, which makes it applicable to this case, gives it a retrospective effect. Its language does not require such construction and does not express such intention on the part of the lawmakers. Courts are required to so construe it that it will operate only in cases arising after its enactment. *Bartruff v. Remey*, 15 Iowa, 257; *The State v. Squires*, 26 Id., 340; *Davis v. O'Ferrall*, 4 G. Greene, 168; *Forsyth v. Ripley*, 2 Id., 181. The instruction under consideration, for these reasons, is erroneous.

Other questions presented in the case need not be considered, as the judgment, for the error pointed out, must be

REVERSED.