## PAYNE v. THE C., R. I. & P. R. Co.

1. **Railroads:** CONTRIBUTORY NEGLIGENCE. The evidence being the same as in the same case reported in 39 Iowa, 523, which was reversed because the verdict was contrary to the evidence, this case is likewise reversed.

2. **Practice in the Supreme Court:** JUDGMENT. The Supreme Court will not render judgment in reversing a case where the error of the court below consisted in refusing to grant a new trial.

*Appeal from Madison District Court.*

TUESDAY, MARCH 19.

ACTION to recover for personal injuries. Judgment for plaintiff. Defendant appeals.

*Wright, Gatch & Wright*, for appellant.

*Bryan & Seevers*, for appellee.

ADAMS, J. This case has been twice before in this court. The first opinion is reported in 39 Iowa, 523. The verdict

1. RAILROADS: contributory negligence.

was then held to be contrary to the evidence. The same objection is urged by the appellant to the verdict now, and it is said that the evidence upon the last trial differs in no material respect from what it was upon the first trial. On the other hand the appellee denies that it is the same. We have carefully examined the statement of facts as set out in the first opinion. The evidence now shows substantially the same facts. We think there is no material difference; certainly none has been pointed out by the appellee. We omit to set out a statement now as it would be but a repetition of the statement made then. The court then held that the plaintiff was clearly guilty of contributory negligence. We are satisfied that the conclusion reached was correct. With this view we must hold that the verdict should have been set aside by the District Court. REVERSED.

SEEVERS, J. Upon the announcement of the foregoing opinion a motion was made by the appellant for a judgment in

Payne v. The C., R. I. & P. R. Co.

this court, on the ground that it appears from the foregoing
2. PRACTICE in and other decisions made by this court in this
the supreme cause that the plaintiff is not entitled to recover.
court: judg-
ment. This cause has been before this court three times.
The first time it was reversed because the verdict was against
the evidence. 39 Iowa, 523. The second time it was reversed
because of error in the instructions. 44 Iowa, 236. And
again reversed on its third appearance here because there was
no evidence upon which the verdict could be sustained, as ap-
pears from the foregoing opinion.

The Code provides: " The Supreme Court may reverse or
affirm the judgment or order below, or the part of either ap-
pealed from, or may render such judgment or order as the in-
ferior court or judge should have done, according as it may
think proper." Code, § 3194.

This statute contains the limit and extent of the power of
this court in such a case as the present. We may reverse;
this has been done, but additional relief is demanded. We
may then render such a judgment as the court below should
have rendered. There was a jury trial below and a verdict for
the plaintiff. The court below could set aside the verdict and
grant a new trial and this is the extent of its power. This
such court should have done. By reversing the judgment be-
low we have granted the appellant a new trial, and this is all
we have the power to do.

MOTION OVERRULED.