## SLOCUM v. FAYETTE COUNTY.

1. **Appeal:** FROM TOWNSHIP BOARD OF EQUALIZATION: TIME OF TAKING: STATUTE CONSTRUED. Section 831 of the Code gave the right of appeal from the action of township boards of equalization, without limiting the time within which such appeal should be taken. By chapter 109, section 1, acts of Eighteenth General Assembly, (McClain's Stat., p. 202), said section was amended so as to limit the time of appealing to sixty days from the adjournment of the board. *Held* that the limitation applied to an appeal from the action of a board of equalization had prior to the enactment of the amendment.

*Appeal from Fayette Circuit Court.*

FRIDAY, JUNE 8.

THE plaintiff is a tax payer of Jefferson township, Fayette county. In April, 1878, the township trustees, as a board of equalization, raised his assessment from $105 to $2,500. In May, 1880, he took an appeal from the township board of equalization to the circuit court, serving notice upon the county as well as the township trustees. The county appeared and filed a motion to dismiss the appeal, on the ground that it was taken too late. The motion was sustained and the appeal dismissed, and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*J. W. Rogers & Son,* for appellant.

*D. W. Clements,* for appellee.

ADAMS, J.—A right of appeal from the action of a township board of equalization was given by the Code, § 831. As that section was first enacted, and as it stood at the time the right of appeal accrued in the case at bar, the time within which the right of appeal could be exercised was not limited. In *Ingersoll v. The City of Des Moines,* 46 Iowa, 554, it was contended that, notwithstanding the absence of express

limitation, the right should be deemed to expire after the lapse of a reasonable time; but this court refused to sustain such position, and held that the time was unlimited. Mr. Justice BECK, however, in writing the opinion said: "It is probable that the law ought to fix a limit of time within which the right might be exercised." The next general assembly, to-wit, the eighteenth, modified the statute giving a right of appeal, by providing that the right might be exercised "within sixty days after the adjournment of the board, but not afterward." McClain's Statute, 202. The appeal in the case at bar was taken more than two years after the adjournment of the board. It is manifest that the appeal was taken too late, provided the act of the Eighteenth General Assembly limiting the time could be deemed to apply to the case at bar.

In support of the position that it does not apply, the plaintiff contends that the statute is not by its terms expressly retroactive, neither expressly providing that the right of appeal should be barred in all cases where sixty days from the adjournment of the board has elapsed, nor that it should expire within some limited time after the act should take effect, and his proposition is that no statute will be deemed retroactive, unless the design to make it so appears expressly upon its face, and not merely by inference from its general scope. As sustaining his proposition, he cites *Smith v. Auditor Gen.*, 20 Mich., 398; *Ludwig v. Stewart*, 32 Mich., 27; *Fuller v. Grand Rapids*, 40 Mich., 395; *Dash v. Van Kleeck*, 7 Johns., 477; *Goshen v. Stonington*, 4 Conn., 209; *Perkins v. Perkins*, 7 Conn., 558; *Bedford v. Shilling*, 4 Serg. & Rawle, 401; *State v. Squires*, 26 Iowa, 347; *McIntosh v. Kilbourne*, 37 Iowa, 420; *City of Davenport v. Railroad Co.*, 37 Iowa, 624. In the case last above cited, COLE, Justice, said: "It is a well established rule of the courts to construe all statutes as having only a prospective operation, unless the legislature expressly declare or otherwise show a clear intent that it shall have a retroactive effect." It was

accordingly held that an appeal did not lie from an order by reason merely of a statute passed subsequent to the order giving a right of appeal, it not appearing from the statute that such was the intent. The doctrine enunciated is probably not to be disputed, but it has, we think, but very little, if any, bearing upon the case at bar.

The plaintiff had his appeal yet to take. His right having existed purely by statute, he should, we think, have seen to it that he exercised his right while the statute was in force, and not essentially modified. The case is very different from one where some right is abridged or cut off which existed theretofore independent of statute.

The plaintiff relies particularly upon *Ludwig v. Stewart*, above cited. But that was a case arising upon a statute of limitations. The time had been reduced. It was held that the statute by which the reduction was made did not apply to cases where the former statute had begun to run. But a right of action is of a different nature from a right of appeal. It is not a right to be exercised as a matter of course to prevent a loss of the claim. The claimant's hope is that an action will be unnecessary.

The right of appeal, so far as the question before us is concerned, bears more resemblance to the right of redemption; but it differs in this, that length of time is an essential element in the value of the right of redemption. Yet, it has been held that a subsisting right of redemption may be cut off by a repeal of the statute which gave such right. *Tuolumne Co. v. Sedgwick*, 15 California, 515. For a still stronger reason, a right of appeal may be taken away—*Ex parte McCardle*, 7 Wall., 506—or at least abridged—*Goshen v. Stonington*, 4 Conn., 209.

The statute in question expressly provides that an appeal shall not be taken from the action of a board of equalization after the lapse of sixty days from its adjournment. The language is broad enough to apply to all cases. As the law stood, the time within which an appeal could be taken was

unlimited. When we consider the evil to be remedied, we cannot doubt for a moment that the intention was that the statute should apply to all cases. The wonder is that such a statute should not have been enacted sooner. We think that the motion to dismiss was properly sustained.

                                        AFFIRMED.