[No. 1477. Decided January 3, 1895.]

WILLIAM CREIGHTON ET AL., *Respondents*, *v.* H. D. COLE ET AL., *Appellants*, FIRST NATIONAL BANK OF MT. VERNON ET AL., *Defendants*.

LOGGERS' LIENS—CONFUSION OF LOGS—FORECLOSURE—TAXATION OF COSTS.

The owner of logs cannot defeat loggers' liens thereon by intermingling the logs with others of the same brand.

In taxing costs upon foreclosure of loggers' liens, liabilities incurred by the claimants for having lien notices prepared should be considered as moneys paid.

It is error to tax as costs fees paid a private citizen for preparing copies of the complaint and summons, and for the service thereof upon the defendants.

*Semble*, a rule of the superior court allowing such costs to be taxed is invalid.

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, for appellants.

*William Martin*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the plaintiffs to foreclose certain loggers' liens. The defendants had an interest in the property either as owners or by way of other liens thereon. Judgment was rendered in favor of the plaintiffs, and this appeal was taken therefrom.

It is contended that the court erred in sustaining the plaintiffs' liens for the reason that the testimony showed there were other logs having the same brand as those upon which the liens were claimed intermingled therewith, and that it was impossible to distinguish or separate them. The testimony is contradictory as to whether there were any other logs of the same brand put into the river where the logs in question were. But, whatever the fact was, there is no merit in the point raised, for the reason that if any such logs were so placed in the river, they were put there by the

appellants, and having intermingled the logs themselves they cannot be heard to raise the point in question.

It is further contended that the court erred in giving judgment for two dollars to each plaintiff for preparing the liens, as the law only allows, as costs therefor, moneys actually paid. The testimony shows that none had been paid, but the plaintiffs had agreed to pay for preparing the same. Such liability incurred should be considered the same as a payment, in taxing costs.

It is further contended that the court erred in taxing as costs regular sheriff's fees for serving the summons and complaint, as they were served by a private citizen; and also in allowing the plaintiffs costs for preparing copies of the complaint and summons for service upon the various defendants. Objection was properly raised thereto in the superior court by a motion to retax. A number of items was stricken from the cost bill, but the ones in question, amounting to nearly one hundred dollars, were allowed to stand. We think this was error, as we find no statute permitting such fees to be taxed unless the service is made by an officer. There would have been authority for allowing the same had the sheriff performed the service, but a private party stands upon an entirely different footing. Had the sheriff performed the service, being a salaried officer, he would have been required to turn the fees over to the county. No such obligation rests upon a private party, and it would certainly be against the policy of the law to permit private parties to make such service and charge therefor, under the circumstances. It is contended by the respondents that the taxation of such fees is authorized by a certain rule of the superior courts, but such rule is not in the record, and we cannot take judicial notice thereof. Furthermore, we do not think such a rule would be valid.

The cause will be remanded with instructions to modify the judgment by striking the costs in question therefrom; otherwise the same will be affirmed. Appellants will recover costs here.

DUNBAR, C. J., and HOYT and STILES, JJ.. concur.