[No. 1722.    Decided July 17, 1895.]

W. F. McQUESTEN, *Respondent,* v. GEORGE MORRILL, *Appellant.*

APPEAL — EXTENSION OF TIME OF SETTLING STATEMENT — FORECLOSURE OF LOGGERS' LIENS — SUFFICIENCY OF COMPLAINT — LIMITATIONS ON ACTION TO ENFORCE LIENS.

By appealing from a judgment, the appellant waives notice of the entering of the judgment, and consequently cannot claim that his right to serve and file a statement of facts does not begin to run until notice upon him of the rendition and entry of judgment.

The time within which a statement of facts should be settled cannot be extended, under the provisions of Laws 1893, p. 116, § 13, without notice thereof to the adverse party, unless a sufficient excuse for failure to give notice is shown by the appellant.

In an action to foreclose a number of liens upon several lots of logs for labor performed by various persons, whose claims had been assigned to plaintiff, the complaint is not subject to demurrer for misjoinder of causes of action, although each lien may not have covered all the logs, when the complaint alleges that defendant has some interest in the logs upon which the various liens are claimed.

The provisions of Laws 1893, p. 428, reducing the time within which actions to enforce laborers' liens upon logs may be commenced, from twelve to eight months, is a matter affecting the remedy merely, which was within the power of the legislature to abridge; and lien notices filed prior to the passage of the law of 1893 must be enforced within a reasonable time after its taking effect.

*Appeal from Superior Court, Snohomish County.*

*James Kiefer,* for appellant.

*Coleman & Hart,* and *Bell & Austin,* for respondent.

The opinion of the court was delivered by

Scott, J.—Preceding the argument upon the merits, a motion was made to strike the statement of facts on the ground that the law had not been complied with as to the time of its filing. The decree was rendered on the 31st of May, 1894. Appellant served notice on

respondent that he would apply on June 27th for an extension of time within which to file and serve the statement of facts, but the matter was not heard at this time, on account of the absence of the judge before whom the case was tried. Thereafter, on July 30th, upon the application of appellant, the court made an order extending the time for the filing and service of the statement of facts to the 15th day of August. No notice of this application had been served upon respondent, and he was not present at the hearing. The statute (§ 13, p. 116, Laws 1893) provides that the statement must be filed within thirty days after the time begins to run within which an appeal may be taken, and it contains the following provision:

"*Provided*, That the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or, for good cause shown and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party. And the certifying of a bill of exceptions or statement of facts provided for by this act, and the filing and service of the proposed bill or statement, the notice of application for the settlement thereof, and all other steps and proceedings leading up to the making of the certificate, shall be deemed steps and proceedings in the cause itself, resting upon the jurisdiction originally acquired by the court in the cause, and no irregularity or failure to pursue the steps prescribed by this act on the part of any party, or the judge, shall affect the jurisdiction of the judge to settle or certify a proper bill of exceptions or statement of facts."

It is first contended by appellant that his time within which to serve and file the statement had not commenced to run, in consequence of the failure upon the

part of respondent to serve notice upon him of the entering of the judgment; but we do not think that this objection is tenable, because appellant took notice of the rendition and entering of the judgment when he sought to appeal therefrom, and instituted proceedings to that end.

Appellant further contends that the specific requirements of the first part of the section, relating to the time within which the statement must be filed, and to the time and manner of its extension upon notice to the adverse party, etc., must be held to be directory only, in view of the remainder of the section. The language of the section in these particulars is contradictory. The first requirements, with reference to the manner of the extension of the time, and service of notice upon the respondent of the application therefor, are specific and certain, and no stronger language could well be employed were it the intention of the legislature to make these provisions mandatory. The remainder of the section, however, expressly provides that no failure to pursue any of the steps pointed out with reference to the filing, service, and settlement of the statement of facts shall prevent the court from settling and certifying a proper statement; and the question to be determined is, what was the real intention of the legislature in enacting this law? It seems to us that it lies between the two provisions, or, in other words, that the appellant must serve upon the respondent notice of the application for an extension of time for filing and serving a statement of facts, unless he can show good and valid reasons for not having done so; but if, upon the other hand, the appellant should be prevented, through no fault of his own, from serving such notice, and had diligently and in good faith sought to prosecute his appeal, and to comply with the

requirements of the law, he should not be deprived of the benefit of a fair and proper statement of facts, in consequence of a want of authority on the part of the judge to settle the same within the time specified for which an extension could have been granted upon notice to the adverse party, because the appellant was prevented, by some circumstance over which he had no control, from giving such notice. It is certainly in accord with the best system of practice that important steps in a litigated cause should not be taken *ex parte*, and a statement of the material facts upon which a cause was tried, to be used upon an appeal, is a most important matter. Incidently, it may be well to notice, in this connection, that the legislature, in enacting this section, seems to have provided that there cannot be an extension of this time for more than sixty days, either by a stipulation of the parties or by an order of the court. This provision might not preclude an extension of the time beyond such period of sixty days upon the joint action or consent of the parties and the court, but it seems to vest the right in both the adverse party and the court to prevent an extension beyond said period. It is desirable that the facts should be settled as speedily as possible, while they are fresh in the minds of the judge and the parties, and this is a good reason for fixing an arbitrary time beyond which either the adverse party or the court can prevent an extension. In this instance, we do not think a sufficient excuse was shown by appellant for not having served a notice on the respondent of the time when the application for the extension was heard. It appears that, on the return of the judge, a month remained of the sixty days for which an extension could have been granted by the court. The statute expressly provides that the time may be extended after the ex-

piration of the original thirty days provided by the statute. Certainly the appellant had ample time within this month to serve notice on the respondent that he would apply within said period for an extension of the time for filing a statement, and the respondent had a right to be heard upon this proposition. The intention of the law is evidently, under this statute, that parties shall diligently prosecute their appeals, and there should be no extension of the time for a settlement of the facts upon which the appeal is to be based, in whole or in part, unless good cause is shown therefor; and this showing should not be made upon an *ex parte* application or hearing if notice can reasonably be given. In view of the foregoing, the motion to strike the statement of facts must be granted.

Certain questions, based upon the pleadings and records remaining, are, however, to be determined. The action was brought to foreclose a number of liens upon several lots or quantities of logs for labor performed by various persons, which claims had been assigned to the plaintiff, and also to foreclose two chattel mortgages upon the logs in question. It did not appear that each lien covered all of the logs, and it was contended by appellant that there was a misjoinder of the causes of action. Without going into the details of the argument urged in this particular, it is sufficient to say the complaint alleged that appellant had some interest in the logs upon which the various liens were claimed. Although his interest was not specifically set forth, we are of the opinion that this allegation was sufficient as against appellant's general demurrer. The fair import of it was that appellant claimed some interest in all the logs in controversy. It transpired upon the trial that he was the purchaser of said logs, and, while this of itself did not appear by the com-

plaint, we are of the opinion that it was fairly included therein; and, if appellant sought to raise any question as to the sufficiency of the complaint in this particular, he should have moved to make the same more definite and certain. If appellant had an interest in all the logs against which the various liens and the mortgages were sought to be foreclosed, and all the causes of action so joined affected him, he will not be heard to raise the question of a misjoinder, if there was any, as against the other defendants.

Another question raised by appellant relates to the causes of action pleaded in the complaint, commencing with the seventh and ending with the fourteenth. It is insisted that, as to these causes of action, the suit was not commenced in time, and appellant demurred thereto upon that ground. These causes of action relate to the lien claims of Fred Shoenfeldt, Philip McDonald, Robert Logan, J. W. Atkinson, William Sanders, William Dorey, and John O'Neill, and were for the foreclosure of liens, notices of which were filed prior to the passage of the act of March 15, 1893 (Laws 1893, p. 428), which went into effect June 7, 1893, and was a general law covering the entire subject, and expressly repealed all prior inconsistent laws. This action was commenced in December, 1893, and more than eight months had elapsed since the filing of these lien notices, and more than eight months since the passage and approval of the act in question. Under the law in force at the time the lien notices were filed the lien claimants had twelve months within which to commence suit to enforce the same. Under the new law, the period within which actions could be commenced was limited to eight months. Respondent claims that the provision of the old law as to the time of the commencement of actions to foreclose

should govern as to notices filed prior to the taking effect of the new law, which had no emergency clause. Appellant contends that the later act should govern. There has been no determination of this particular question in this state, and the material inquiry is whether the provision as to the time of commencing suit relates to the remedy or to the right. *Garneau v. Port Blakeley Mill Co.*, 8 Wash. 467 (36 Pac. 463). Any matter relating to the right of such liens could not be abridged by the legislature; but anything relating to the manner of enforcing such right or the remedy might be abridged. In this case the lien claimants had the full period of eight months — the time prescribed in the new act after its passage — within which to commence their actions, and more than six months from the time it took effect within which to begin them. We are constrained to hold, under the weight of the authorities cited, that the time provided for the commencement of actions related to the remedy only, and, consequently, might be abridged by subsequent legislation; and the question is not whether the parties had the full time within which to commence their actions, as prescribed by the subsequent act, after it took effect, but whether they had a reasonable time within which to commence them. Of course, there can be no question as to there having been a reasonable time after the passage of the new law, in this instance; and as to these causes of action, suit was not commenced in time, and they were barred. *Forcht v. Short*, 45 Mo. 377; *Smith v. Packard*, 12 Wis. 371; *Gibbs v. Peck*, 77 Pa. St. 86; *McCrea v. Craig*, 23 Cal. 522; *Acker v. Acker*, 81 N. Y. 143; *Slocum v. Fayette Co.*, 61 Iowa, 169 (16 N. W. 61); Phillips, Mech. Liens (3d ed.) § 24; Endlich, Interpretation of Statutes, § 284, etc.

A further question relates to the costs allowed be-

low.   The court permitted the taxation of certain fees
.for preparing and serving copies of the pleadings by
a private individual.   Appellant objected thereto.
The allowance of these items was conceded to be erro-
neous upon the oral argument of the cause here,
under a decision of this court which was not published
at the time of the trial.   *Creighton v. Cole*, 10 Wash.
472 (38 Pac. 1007).

The judgment will be reversed as to the causes of
action aforesaid from the seventh to the fourteenth,
inclusive.   It will be affirmed as to the other causes
of action set forth, but modified as to the costs taxed,
by striking the items of $15 and $40.60, allowed the
plaintiff for preparing and serving copies of the plead-
ings.   Remanded accordingly.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., not sitting.