L. H. WAPLES, W. J. KNIGHT, JOHN HENNESSY AND SIS-
TERS OF CHARITY B. V. M. ST. JOSEPH'S of Dubuque
County, Iowa, a corporation, v. CITY OF DUBUQUE AND
HENRY B. GNIFFKE, as Treasurer of City of Dubuque,
Appellants.

Statutes: RETROSPECTIVENESS: *Street improvements.* Code, section
989, which provides, that "no action shall be brought questioning
the legality of any street improvement or sewer certificates or
bonds from and after three months from the time the issuance
of such certificates or bonds is ordered" will not be given a
retroactive operation, since it is found in the chapter relating
to cities acting under special charters, which modifies to some
extent the procedure respecting street improvements, and evi-
dently relates to bonds issued in pursuance of that chapter,
and of different import from those issued under prior laws.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

FRIDAY, FEBRUARY 14, 1902.

ACTION to restrain, on various grounds, the enforce-
ment of a tax for street improvements against the property
of plaintiffs. Demurrer to petition overruled. Defendants
electing to stand on their demurrer, decree was entered for
plaintiffs from which defendants appeal.—*Affirmed.*

*Duffy & Maguire* for appellants.

*R. W. Stewart* for appellees.

McCLAIN, J.—One of the grounds of demurrer was
that plaintiffs' action was barred by the statute of limita-
tions, under section 989 of the Code, which provides that
"no action shall be brought questioning the legality of any
street improvement or sewer certificates or bonds from and
after three months from the time the issuance of such cer-
tificates or bonds is ordered by the proper authority."

According to the averments of the petition, the special assesment was made in 1892, . and bonds were issued and sold, with the proceeds of which the costs of the improvement were paid by the city. The statutory provision above referred to went into effect with the adoption of the present Code, in 1897. Prior to that there was no similar provision in the statutes of the state. Appellants contend that this provision constitutes a bar to plaintiff's action, inasmuch as more than the length of time specified had elapsed since the adoption of the provision without any action having been brought. In other words, the position of appellants is that, although prior to 1897 plaintiff's action might have been brought within any period of time allowed by the general statute of limitations, yet, when this provision of the Code went into effect, it became obligatory upon plaintiffs to institute their action within three months. But the provision of section 989 is found in the chapter of the Code relating to cities under special charter (of which class defendant city is one), which modifies to some extent the whole procedure as to the payment for street improvements and the assessments of the cost on abutting property, and evidently relates to bonds and certificates issued in pursuance of that chapter, and of different terms and effect from those authorized under prior statutes, and we do not think it was intended to apply to bonds and certificates already issued.

While a new statutory limitation may be made applicable to causes of action already existing, provided a reasonable time is allowed after the statute takes effect in which the action may be brought, yet it is a general rule of construction that no statute will be given a retrospective effect unless it appears that such effect was intended. *Cooper v. Sunderland,* 3 Iowa, 114, 121; *Bartruff v. Remey,* 15 Iowa, 257; *Polk County v. Hierb,* 37 Iowa, 361; *McIntosh v. Kilbourne,* 37 Iowa, 420; *Payne v. Railroad Co.,* 44 Iowa, 236, 238. Appellants rely on *Sohn v. Waterson,* 17

Wall. 596 (21 L. Ed. 737); but that is a case under a general statute of limitations, and has no bearing on the question now before us.

We hold, therefore, that the section of the Code relied upon by appellants has no application to appellees' action, and that the court below did not err in overruling the demurrer so far as it presented this objection. Counsel for appellants do not contend that the demurrer should have been sustained on any other ground. Therefore the decree of the lower court must be AFFIRMED.