[No. 4113.   Decided March 18, 1902.]

JOHN DUGGAN, *Respondent*, v. W. C. SMITH, *Appellant.*

APPEAL — CESSATION OF CONTROVERSY — SATISFACTION OF JUDGMENT.

Where defendant has deposited money in court to make good a tender, and the court, without the consent of defendant, has applied such money *pro tanto* upon a judgment recovered for a greater sum, the acceptance of such money by plaintiff does not operate as a satisfaction of the judgment, and as depriving defendant of a right of appeal on the ground of a cessation of the controversy.

LOGGERS' LIEN — ENFORCEMENT — OWNER NECESSARY PARTY.

Where the owner of saw logs is not a party to an action to enforce a lien thereon, the court has no jurisdiction to decree a foreclosure of the lien upon the logs.

Appeal from Superior Court, Cowlitz County.—Hon. ABRAHAM L. MILLER, Judge.   Reversed.

*N. H. Bloomfield* (*P. H. Ward,* of counsel), for appellant.

*Tunstall & O'Neil* (*E. W. Ross,* of counsel), for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by John Duggan, in the superior court of Cowlitz county, against W. C. Smith, the appellant, also H. A. Smith, B. F. Smith, and James Muckle, to foreclose a lien upon certain saw logs for the value of services alleged to have been performed in cutting and hauling the logs liened upon. Demurrers to the complaint were filed by all the defendants except appellant. These demurrers were sustained in the lower court, and the action dismissed as to all the defendants except the appellant. The action proceeded against appellant, and a decree was entered foreclosing the lien in question and ordering sale of the logs described in the lien. Appeal is prosecuted from this decree.

Respondent moves to dismiss the appeal upon the ground that the decree appealed from has been satisfied and the controversy has ceased to exist. It appears that, when the appellant filed his answer to the plaintiff's complaint, he admitted an indebtedness to the plaintiff of $106.94. He alleged a tender and refusal prior to the commencement of the action. At the time this answer was filed, in order to make the tender good, the appellant deposited the $106.94 with the clerk, for the use of the plaintiff, "in case a decree should be rendered therein establishing any lien upon the logs in the complaint mentioned." After the decree the court, without the consent or knowledge of appellant, applied the money so deposited upon the judgment *pro tanto*. Appellant thereafter filed a motion requiring plaintiff to satisfy the judgment. This motion was resisted by respondent and denied by the court. A substantial judgment is still standing unsatisfied. An actual controversy still exists. *Watson v. Merkle,* 21 Wash. 635 (59 Pac. 484). Cases cited in support of the motion are not in point. The motion is denied.

At the trial the court made findings of fact as follows: (1) That on and prior to the 4th day of June, 1900, Muckle Bros. were the owners of a certain tract of land situate in Cowlitz county, Washington; and that on or about said day the said Muckle Bros. entered into a con-. tract with W. C. Smith, H. A. Smith, and B. F. Smith, wherein and whereby they agreed to cut into saw logs the timber from said lands, and to deliver the said saw logs into the waters of Coweman river, near said lands, for a certain stipulated price per thousand, but they had no further or other interest in the land or timber, and no interest in the logs cut, than a claim for cash against said Muckle Bros. for the contract price for cutting the same; that in pursuance of said agreement the said W. C. Smith, H. A. Smith, and B. F. Smith entered upon said lands and commenced the cutting and removal of saw logs therefrom. (2) That on or about the 4th day of June, 1901, the defendant W. C. Smith, for and on behalf of himself, H. A. Smith, and B. F. Smith, employed the plaintiff, John Duggan, to perform labor and render assistance in the cutting and removal of said logs and the delivery thereof in said river, and agreed to pay him the sum of $2.25 per day for forty-seven days' labor so performed during the months of June and July, 1900, and the sum of $50 per month and board for a period of two months and fifteen days' labor performed during the months of August, September, and October; that the said plaintiff performed labor and rendered assistance for the purpose above stated under a continuous and unbroken contract of employment; that the total amount of plaintiff's demand for said labor and assistance is the sum of $239.50, and that the said W. C. Smith, for and on behalf of himself, H. A. Smith, and B. F. Smith, paid the plaintiff upon such labor and as-

sistance the sum of $116.67, leaving a balance due the plaintiff for said work and labor so performed amounting to the sum of $117.92 over and above all advances, credits, and off-sets. (3) That on the 7th day of November, 1900, the plaintiff, for the purpose of securing and perfecting a lien upon said saw logs for the amount so due him as aforesaid for labor and assistance so performed and rendered, in the manner provided by law, made, verified, and filed for record in the office of the auditor of said county, his certain notice and claim of lien, claiming a lien upon five million feet of fir saw logs, upon which the said plaintiff had so performed labor and assistance, the same being marked or branded thus, "S. E.," on the ends of each log; that said logs at the time of the commencement of this case were, and are now, lying and being in the waters of the Coweman river, in Cowlitz county, Washington, being scattered along said river from a point where the same were put into said river down to and in a boom near the mouth of said river in said Cowlitz county, Washington, the said brand or mark as aforesaid distinguishing said logs from all other logs in said boom and river and in said Cowlitz county. (4) That the plaintiff paid for drawing, preparing, and verifying his said notice of lien the sum of $2.50, and the further sum of $... for recording the same, and that the sum of $25 is a just and reasonable sum to be allowed the plaintiff for the services of his attorney in foreclosing his said lien; that plaintiff demanded of the defendant the amount claimed herein prior to the commencement of this action. Judgment was thereupon entered for the total of $203.57, and a decree foreclosing the said lien upon the logs described and ordering the sale thereof to satisfy the said lien.

The evidence is not brought here on this appeal. Appellant relies upon the findings made by the lower court.

45—27 WASH.

It will be noted that the only finding that refers to the ownership of the logs in question is that contained in finding 1, where the court finds that on the 4th day of June, 1900, the day plaintiff was employed, Muckle Bros. were the owners of the logs, and that appellant had no interest in the logs cut, other than a claim for cash against Muckle Bros. for the contract price for cutting the same. This finding is in effect that the defendant has no interest in the logs, and that some person other than the defendant is the owner thereof. It is argued by appellant that the court had no jurisdiction to enter a decree foreclosing a lien upon the property, where the owner is not a party; that upon this finding the court should have dismissed the action, in so far as it sought the sale of property of some person who is not a party to the action. This contention must be sustained. The general rule is that all persons whom the claimant wishes to bind by the decree should be made defendants. Boisot, Mechanics' Liens, § 525; Phillips, Mechanics' Liens (3d ed.), §§ 392, 397.

This court, in *McQuesten v. Morrill,* 12 Wash. 335 (41 Pac. 56), held that an allegation in a complaint that appellants had some interest in the logs, as against a general demurrer, was good, because this allegation fairly included ownership. The statutes relating to liens upon logs do not provide that liens may be foreclosed without making the owner of the logs a party. On the other hand, it provides, in the form prescribed for lien notices, that the name of the owner or reputed owner shall be stated. It certainly was not intended that the court should cause the property of some person not a party to the action to be sold to pay the debt of another, without giving such person an opportunity to defend. In this case one of the owners of the logs had been made a party. He appeared in the action and was

dismissed therefrom, upon the ground "that the complaint and lien notice did not state facts upon which a lien may be claimed against the logs in question," and against him. No amendment to the complaint was made, and the court proceeded with the trial of the cause. The appellant W. C. Smith is the only defendant, and, notwithstanding the owner of the logs had been dismissed from the case, the court ordered his property sold to pay the debt of W. C. Smith. If the complaint and lien notice were not sufficient as against the owner when he was a party to the suit, it is difficult to understand upon what principle it could be enforced against his property when he was not a party. When the court found that the appellant had no interest in the property, and that the owner and reputed owner was not a party, no decree in foreclosure, carrying with it attorney's fees and costs, should have been entered.

The cause will be reversed, with directions to the lower court to set aside the decree entered and to hold the cause for trial before a jury upon the personal liability of the appellant; the costs of this appeal to be awarded to the appellant.

REAVIS, C. J., and WHITE, ANDERS, HADLEY, FULLERTON and DUNBAR, JJ., concur.