[No. 15834.   Department Two.   July 7, 1920.]

ALFRED HORNER, *Appellant,* v. PIERCE COUNTY, *Respondent.*[1]

COUNTIES (88)—STATUTES (86)—CONSTRUCTION—RETROACTIVE EFFECT—REMEDIES—CLAIMS AGAINST COUNTY. Laws of 1919, p. 414, requiring claims against counties to be filed within sixty days after the cause of action accrued, and prescribing the requisites of the notice of claim, is not retroactive and has no application to causes of action that accrued long prior to the taking effect of the act.

DEATH (16)—LIMITATION OF ACTIONS (40)—ACCRUAL—TORTS OF COUNTY—DEFECTIVE SIDEWALKS. A husband's cause of action against a county for damages for personal injuries to his wife, who died two and one-half years thereafter as a result of the injuries, accrued at the time of the injury and not at the time of her death.

COUNTIES (88)—STATUTES (86)—RETROACTIVE EFFECT—REMEDIES—CLAIMS AGAINST COUNTY. The last part of the proviso to Laws of 1919, p. 414, to the effect that no pending or future action against a county shall be defeated by the failure of a person to verify or file the claim if action be brought within three years, where a claim had heretofore been filed and rejected, does not show an intent to make the act retroactive and applicable to claims that accrued before the act took effect; but has application to the first part of the proviso relating to claimants who shall be incapacitated from verifying and filing their claims.

[1]Reported in 191 Pac. 396.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered November 21, 1919, upon granting a nonsuit, dismissing an action in tort. Reversed.

*George P. Fishburne,* for appellant.

*William D. Askren, J. A. Sorley,* and *Frank D. Nash,* for respondent.

BRIDGES, J.—On November 15, 1916, Catherine Horner, the wife of the appellant, was injured through the alleged negligence of the respondent in failing to maintain a certain sidewalk in reasonable repair. On the 5th day of June, 1919, the appellant and his wife filed and presented to the board of county commissioners of respondent their claim for damages to Mrs. Horner in excess of $10,000. Thereafter, and on June 16, 1919, Catherine Horner died, it is alleged, as the result of her injury. After her death, and on July 9, 1919, the appellant presented to the board of commissioners of the respondent his claim on account of the injury to his wife in the sum of $3,415.40. These claims were disallowed. Thereafter, and in September, 1919, the appellant brought suit against respondent to recover damages, the suit being based on his claim filed with and presented to the county commissioners in the sum of $3,415.40. At the trial of the case, the appellant sought to introduce in evidence the claim filed by him with the county commissioners. The respondent objected to the introduction of this claim for the reason that it did not comply with the statute of 1919 (Laws of 1919, p. 414) with reference to the presentation of claims to the county commissioners, and particularly because it failed to state the actual residence of the claimant at the time of presenting and filing the claim, and for a period of six months immediately prior to

the time the claim for damages accrued, as required by the 1919 statute. The trial court held the claim insufficient and entered a nonsuit against the plaintiff. From such judgment, the plaintiff has appealed. The chief question to be decided is whether the legislative act of 1919 concerning filing of claims controls.

Prior to June 11, 1919, the only statute with reference to the presentation of claims to county commissioners in cases of this character was § 3909, Rem. Code, which provided as follows:

"Nothing herein contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county: *Provided,* That such action be brought within three months after such claim has been acted upon by such board."

The 1919 legislature passed an entirely new act concerning the presentation of claims to county commissioners, as follows:

"All claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of such claimant at the time of presenting and filing such claim and for a period of six months immediately prior to the time such claim for damages accrued, and be sworn to by the claimant. No action shall be maintained for any claim for damages until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation: *Provided,* That if the claimant shall be incapacitated from verifying and filing his claim for damages within

the time prescribed, or if the claimant be a minor, or in case the claim is for damages to real or personal property, and if the owner of such property is a non-resident of such county or is absent therefrom during the time within which a claim for damages to said property is required to be filed, then the claim may be verified and presented on behalf of said claimant by any relative or attorney or agent representing the injured person, or in case of damages to property, representing the owner thereof, and no action for damages now pending or hereafter brought shall be defeated by the failure of the person to verify or file the claim in person if action be brought within three years after the taking effect of this act where a claim has heretofore been verified and filed within the time and in compliance with the terms of this act if said claim has been rejected." Laws of 1919, p. 414.

This new enactment went into effect June 11, 1919. The appellant claims that, inasmuch as the injury for which the suit is brought occurred long prior to the going into effect of the 1919 statute, the statute in effect at the time of the injury controlled; but the respondent contends that the claim must have complied with the 1919 statute. The claim as presented to the board of county commissioners was amply sufficient under the old act, but failed in some respects to comply with the provisions of the new act.

"Retroactive statutes are generally regarded with disfavor, and where it does not clearly appear that such was the legislative intent, the court will not give a statute a retroactive effect where to do so would impair existing rights." *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569.

It is clear to us, the legislature did not intend that the 1919 act should be retroactive. It requires the claim to be filed within sixty days after the time the "claim for damages accrued." To have complied in this instance with its provisions, it would have been necessary to file the claim within sixty days after

November 15, 1916, the date of the injury, or more than two years and a half prior to the passage and going into effect of the act under which it is contended the claim should have been filed. Manifestly, the legislature did not mean to destroy entirely the appellant's right of action by imposing impossible conditions. But respondent contends that appellant's claim of damages did not "accrue" till the death of Mrs. Horner, and since she died after the new statute went into effect, that statute must control. We cannot subscribe to this argument. The appellant did not have a cause of action against respondent because of the death of his wife, but because of its alleged negligence. The negligence was the cause; the death was the result. Under the statute, the "claim for damages accrued," if at all, at the time of the injury to Mrs. Horner.

The first part of the proviso of the 1919 act was for the purpose of preserving causes of action to those who, for the reasons given, could not personally swear to their claims, as was required by the earlier provisions of the act. The proviso meant to preserve, rather than destroy—to excuse, rather than to compel—the performance of certain acts. The only portion of the act which tends to indicate that the legislature intended it should be retroactive is the last few words of the proviso reading as follows:

"... no action for damages now pending or hereafter brought shall be defeated by the failure of the person to verify or file the claim in person if action be brought within three years after the taking effect of this act, where a claim has heretofore been verified and filed within the time and in compliance with the terms of this act if such claim has been rejected." Laws of 1919, p. 414.

If the words just quoted are literally construed, they destroy the manifest purpose of the first portion of the proviso and are inconsistent therewith.

A history of the enactment as shown by our various statutes, however, will clearly show what the legislature had in mind.  The 1909 legislative act, with reference to filing claims with cities of the second, third and fourth classes, provided that such claims should be filed with town councils within a certain period and that the same should describe the defect causing the injury, give the residence of the claimant, and be sworn to personally by the claimant.  Vol. 2, Rem. & Bal. Code, § 7998.  This act was amended in 1915 by adding thereto a proviso in almost the identical words found in the proviso of the 1919 act under consideration. Rem. Code, § 7998.  In other words, the proviso of the 1919 act with reference to claims against counties was taken almost *verbatim* from the proviso of the 1915 law, which amended an existing act with reference to the presentation of claims to cities other than those of the first class.  This proviso, as an amendment to the existing act with reference to cities other than those of the first class, makes the act entirely intelligible and shows that its purpose was to preserve certain rights which, but for the proviso, might have been defeated.  When that proviso, however, is brought into a new act with reference to presenting claims to county commissioners, it is manifest that certain portions thereof do not fit with exactness into the act.  In the light of this history, it seems plain to us that the legislature, by the proviso in the 1919 act, intended to preserve actions based upon claims which, for the reasons given in the proviso, could not be personally verified and presented by the claimant.

We are satisfied that the 1919 act was not intended to be, and is not, retroactive, and that the appellant was not required to comply with its provisions in filing his claim with the county commissioners.  In holding

to the contrary the learned trial court was in error. The judgment is reversed and the cause remanded for trial.

HOLCOMB, C. J., FULLERTON, MOUNT, and TOLMAN, JJ., concur.