[No. 15942.  Department One.  October 4, 1920.]

FRANK HANFORD, *Appellant,* v. KING COUNTY,
*Respondent.*[1]

COUNTIES (88)—CLAIMS—PRESENTATION AND FILING—STATUTES—
RETROACTIVE EFFECT.  Since limitation laws will not be given a retro-
active effect unless that legislative intent is clearly expressed, Laws
of 1919, p. 414, requiring claims against a county to be filed within
sixty days after the injury, will not bar claims sustained prior to
the taking effect of the act, if filed within sixty days thereafter.

SAME (95)—ACTIONS—CONDITIONS PRECEDENT—PREMATURE ACTION
—REJECTION OF CLAIMS.  The purpose of the provision in the statute
that no action shall be brought upon a claim against a county until
the same has been presented and sixty days have elapsed after such
presentation is to allow time for an investigation by the county, and
is satisfied by a rejection of the claim, after which an action begun
within the sixty-day period is not premature.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered March 8, 1920, on
the pleadings, dismissing an action in tort.  Reversed.

*C. H. Hanford* and *Geo. W. Korte,* for appellant.

*Fred C. Brown* and *Wm. Parmerlee,* for respondent.

MAIN, J.—The purpose of this action was to recover
damages alleged to be due to negligence which was
chargeable to the defendant county.  The answer con-
tained admissions and denials and a number of affir-
mative defenses.  To the fifth affirmative defense, the
plaintiff's demurrer was overruled.  The reply did not
traverse the allegations of this defense.  The defend-
ant made a motion for judgment on the pleadings,
which was sustained and the action dismissed.  From
this disposition of the case, the plaintiff appeals.

The undisputed facts, as summarized from the plead-
ings, may be stated as follows: On the first day of

[1]Reported in 192 Pac. 1013.

March, 1919, the appellant was injured by being struck by an automobile owned by the respondent and driven for and on its behalf. The manner of the accident is set out for the purpose of showing that the driver of the car was negligent. Paragraph 12 of the complaint alleges that, on the eleventh day of March, 1919, the appellant presented to the board of county commissioners a claim in writing for compensation in the sum of $5,000 for the injury and damage which he had sustained. Paragraph 13 of the complaint alleges that thereafter, on the 28th day of June, the appellant, for the purpose of making a more formal presentation of his claim, filed with the clerk of the board of county commissioners an amended claim, properly verified, setting forth the particulars of the injury and the appellant's residence at the time thereof and for a period of six months preceding. On the first day of July the claim was rejected. The fifth affirmative defense alleged that the claim mentioned and set forth in paragraph 13 of the complaint was filed more than sixty days after such claim for damages accrued, and that sixty days had not elapsed after the filing and presentation of the claim before the institution of the action. The first question to be determined is whether a valid claim was presented to the board of county commissioners. Whether this question could have been raised upon the demurrer to the complaint, rather than upon the demurrer to the affirmative defense, is not now material and will not here be determined.

In 1919, the legislature passed an act relating to claims for damages against counties. Laws of 1919, ch. 149, p. 414. This act, among other things, provides:

"That all claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within

sixty days after the time when such claim for damages accrued.''

The act further provides that,

''No action shall be maintained for any claim for damages until the same has been presented to the Board of County Commissioners and sixty days have elapsed after such presentation.''

This act became effective on June 11, 1919. For the purpose of this opinion it will be assumed, but not decided, that the first claim did not comply with the prior law upon the subject because it was not verified. Giving effect to this assumption, it then appears that, when the 1919 act went into effect, the matter stood as though no claim had been filed. It presented a case where a cause of action had accrued prior to the statute becoming operative, and the question arises, to what extent is the statute applicable to such claims. Limitation laws pertain only to the remedy and may be changed at the pleasure of the legislature, but such laws will not be given a retroactive effect unless it appears that such was clearly the legislative intention. *Moore v. Brownfield,* 7 Wash. 23, 34 Pac. 199. There is nothing in the 1919 act which would indicate a legislative intention that it should be given a retroactive effect. *Horner v. Pierce County,* 111 Wash. 386, 191 Pac. 396. Were the statute so construed, it would bar the claim upon which the present action is founded, because, under the act, all claims must be presented within sixty days after the time when such claim for damages accrue, and in this case more than sixty days had elapsed after the plaintiff's injury and before the statute became effective.

The statute not being retroactive, to what extent does it apply to causes of action which had accrued

at the time it became operative? Upon this question in *Baer v. Choir*, 7 Wash. 631, 32 Pac. 776, 36 Pac. 286, the rule of the United States supreme court (*Sohn v. Waterson*, 17 Wall. [U. S.] 596) was adopted, which is to the effect that a new statute of limitations takes effect upon the preexisting rights of action and limits them, but in every such case the full time allowed by the new statute is available to the complainant. In other words, the limitation of the new statute, as applied to pre-existing causes of action, commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided. The appellant's cause of action was first subjected to the act of 1919 when that act became effective. The amended claim was filed on June 28, 1919, or within sixty days after the act became operative. The claim is not set out in the complaint, but from the allegations it would appear that it complied with the statute. Under the authorities cited, the appellant had sixty days after the statute went into effect in which to file a claim. On this branch of the case we conclude that, upon the facts as stated in the pleadings, a sufficient claim was presented. .

The next question is whether the action was prematurely brought. The statute, as above pointed out, provides that no action shall be maintained upon any claim until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation. In this case the claim was presented on June 28, rejected on July 1, and the action was begun on July 3. The purpose of this provision of the statute undoubtedly was to allow the county time to investigate the particulars of the alleged accident and the extent of its liability, if any, without being harassed with the burdens of a law suit,

and this requirement is satisfied when the county reaches and announces its conclusion, which it did in this case by rejecting the claim. In *Horwitz v. United States Fid. & Guar. Co.*, 95 Wash. 455, 164 Pac. 77, the court considered the provision of an insurance policy which provided that no suit should be brought upon the policy until three months after the particulars of the loss had been furnished the company. The particulars of the loss were furnished the company and the liability disclaimed. Within the ninety-day period mentioned in the policy, the action was begun. The same contention was there made as here, to wit, that the action was prematurely commenced. It was there held that the purpose of the provision of the policy was to allow the complainant time to investigate the loss, and such provision is satisfied as soon as the company reaches and announces its conclusion, after which suit could be brought within three months. That case is controlling, unless it is to be held that the statute is to be given a different construction from that which is given a contract between parties. The purpose of the two is the same, and it seems to us that a like holding should be made in both cases.

The judgment will be reversed, and the cause remanded with directions to the superior court to sustain the demurrer to the fifth affirmative defense.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.