[No. 24811.   Department Two.  March 19, 1934.]

FLOYD B. STERRETT, *as Receiver, Respondent,* v. WHITE PINE SASH COMPANY, *Appellant.*[1]

*Alex M. Winston, Roberts & Roberts,* and *Walter V. Swanson,* for appellant.

*LaBerge, Cheney & Hutcheson,* for respondent.

[1]Reported in 30 P. (2d) 665.

MAIN, J.—This action was brought by the receiver of an insolvent corporation to recover moneys paid by the corporation to one of its creditors after it became insolvent. The defendant pleaded two affirmative defenses, one of which was that, at the time it received the payments, it did not have any reasonable cause, or any cause, to believe that it was receiving a preference. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendant in the sum of $1,977.12, from which it appeals.

No bill of exceptions or statement of facts has been brought to this court. The case is here upon the facts as found by the trial court, and the law applicable thereto.

C. C. Woodall Company, Inc., was a corporation organized under the laws of this state, with its principal place of business in Yakima county. October 13, 1931, the corporation being insolvent, Floyd B. Sterrett was appointed receiver thereof, the application for the receivership having been made on the 7th of October previous. The appellant, White Pine Sash Company, was a corporation organized under the laws of this state, with its principal place of business in Spokane county.

At the time the Woodall Company became insolvent, it was indebted to a large number of creditors in the sum of more than one hundred thousand dollars, one of which was the appellant. While the Woodall Company was insolvent, it paid to the appellant the sums of money on an indebtedness which it owed to that company, for which recovery is sought by the receiver in this action.

The right of the respondent to recover is un-

questioned, unless that right has been modified by an act of the legislature, which will be subsequently noticed. In this state, it is the rule that a domestic corporation cannot, after insolvency, prefer one or more of its creditors, but, on the contrary, its property is, after insolvency, regarded as a trust fund for all of its creditors, and any payments or transfers of property made after insolvency, which have the effect of preferring one creditor over another, are void. *Benner v. Scandinavian American Bank,* 73 Wash. 488, 131 Pac. 1149, Ann. Cas. 1914D, 702. This doctrine was first announced in *Thompson v. Huron Lumber Co.,* 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, and through a long line of cases decided subsequent to that time it has been consistently adhered to. Many of the cases will be found assembled in the *Benner* case.

Under the trust fund doctrine, the fact that a creditor received a payment or payments from an insolvent corporation in good faith and without reasonable ground to believe that the corporation was insolvent, and that the payments received would constitute a preference, is wholly immaterial. *Jones v. Hoquiam Lumber & Shingle Co.,* 98 Wash. 172, 167 Pac. 117; *Jensen v. American Bank of Spokane,* 157 Wash. 240, 288 Pac. 660. Even though the trust fund doctrine was not a part of the common law of England, it, nevertheless, by the decisions of this state and other states which have adopted it, became the common law of those respective states. *Callet v. Alioto,* 210 Cal. 65, 290 Pac. 438.

In 1931 (Laws of 1931, chapter 47, p. 160, Rem. Rev. Stat., § 5831-1 *et seq.*), the legislature confirmed the trust fund theory heretofore adopted by this court, but limited its operation to a certain extent. Section 1 of the act provides that actions in the courts

of this state by a receiver of an insolvent corporation to recover a preference may be commenced at any time "within six months from the filing of the application for the appointment of such . . . receiver . . ." Subdivision (a) of § 2 of the act (Rem. Rev. Stat., § 5831-2) provides that a corporation shall be deemed to have given a preference if, being insolvent, it has, within four months before the filing of an application for the appointment of a receiver, transferred any of its property and the effect of such transfer would be to enable one of the creditors to obtain a greater percentage of his debt than any other of the creditors of the same class. Subdivision (b) of the same section provides that, if a corporation shall have made a transfer of any of its property, and if at the time of the transfer the corporation was insolvent and the transfer would operate as a preference and the person receiving it shall have reasonable cause to believe that the enforcement of such transfer would effect a preference, it shall be voidable, and a receiver may recover the property from the person having received it.

All of the payments for which recovery was sought in this action were made prior to the time when the act of the legislature went into effect and became operative, and more than four months prior to the time that the application for the appointment of a receiver was filed. The court made no finding that, at the time the payments were made, the appellant had reasonable cause to believe that the Woodall Company was insolvent and that the payments so made would effect a preference. The payments having been made more than four months prior to the filing of the application for the appointment of a receiver, subdivision (a) of section 2 of the act could have no application, whatever view might be taken as to whether the act was prospective or retroactive.

■ The specific question presented upon this appeal is whether chapter 47 of the Laws of 1931, p. 160, Rem. Rev. Stat., § 5831-1 *et seq.*, should be given a retroactive effect, and thus operate upon transactions which had occurred prior to the time the act became operative. If the act be retroactive, then the judgment could not be sustained, because it was not found, as provided in subdivision (b) of section 2 of the act, that the appellant had reasonable cause to believe that the Woodall Company was insolvent at the time it received the payments and that such payments would effect a preference.

Retroactive statutes are generally regarded with disfavor, and where it does not clearly appear that such was the legislative intent, the court will not give a statute a retroactive effect where to do so would impair existing rights. *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569; *Horner v. Pierce County,* 111 Wash. 386, 191 Pac. 396, 14 A. L. R. 707; *Tonkoff v. Roche Fruit & Produce Co.,* 137 Wash. 148, 242 Pac. 3. If the language of the statute be doubtful, it will not be given a construction that will impair existing rights, unless it clearly appears that such was the legislative intention. *State v. Natsuhara,* 136 Wash. 437, 240 Pac. 557.

With reference to limitation laws which pertain only to the remedy and may be changed at the pleasure of the legislature, in *Hanford v. King County,* 112 Wash. 659, 192 Pac. 1013, it was said that "such laws will not be given a retroactive effect unless it appears that such was clearly the legislative intention." There is nothing in the language of the law now before us which indicates, or from which it could be reasonably concluded, that there was a legislative intent that it should

be retroactive and thus apply to transactions occurring before it became operative. To give it a retroactive effect, would be to impair a right given by the common law of this state, as evidenced by the decisions on the trust fund doctrine.

Prior to the passage of the act, it was not necessary, as the element of an action for the purpose of recovering a preference, to allege and prove that the one receiving the preference did so without reasonable cause to believe that the corporation making the payment was insolvent at the time, and that such payment would operate as a preference. If the act should be given a retroactive effect, it would mean that the one seeking to recover the preference would necessarily have to prove an element of the action which was not necessary under the trust fund doctrine.

Since retroactive statutes are looked upon with disfavor and will not be given that effect where to do so would impair existing rights, unless it clearly appears that such was the legislative intention, it necessarily follows that the act in question cannot be given a retroactive effect, there being, as already pointed out, nothing in the act which would clearly indicate that that was the legislative intention.

Whether the right which would here be affected by giving the act a retroactive effect was a vested right, in the sense that it could not be taken away by subsequent legislation, is a question not necessary here to determine, and we express no opinion thereon.

In the decisions of this court cited by the appellant, we find nothing out of harmony with what has herein been said. In *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835, which the appellant says in principle supports its contention, we do not find the question here presented

there discussed or decided, and for this reason that case cannot be considered as a persuasive authority.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.