[No. 27147.    Department One.    December 14, 1938.]

DAN EARLE, *as Receiver, Respondent,* v. FROEDTERT GRAIN AND MALTING COMPANY, *Appellant.*[1]

*Wright, Jones & Bronson,* for appellant.

*J. Will Jones,* for respondent.

[1]Reported in 85 P. (2d) 264.

HOLCOMB, J.—This action was instituted in November, 1936, by the receiver of the Olympic Club Company, a corporation, hereinafter referred to as the Olympic company, to recover a sum of money paid to appellant corporation on August 4, 1930, on the ground that such payment constituted an unlawful preference. Appellant demurred to respondent's amended complaint, and the demurrer was overruled. Appellant answered, pleading two affirmative defenses, the second of which is that this action was not commenced within six months from the time of the filing of the application for the appointment of a receiver, as is required by Rem. Rev. Stat., § 5831-1 [P. C. § 4532-1]. Respondent replied, denying that this action was barred by virtue of the allegations in the second affirmative defense, and alleged that the law as raised by the allegations was decided adversely to appellant by the order overruling the demurrer to the amended complaint.

The case was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the Olympic company was insolvent when the payment in question was made, that such payment created an unlawful preference, and that the money should be returned. Judgment was entered as prayed for in the sum of $1,688, together with interest at six per cent per annum from August 4, 1930. This appeal resulted.

The essential facts are these: The Olympic company is a brewery corporation organized under the laws of this state, with its principal place of business at Walla Walla; and appellant, a Wisconsin corporation, with its principal office in Milwaukee, is engaged in marketing malt and brewery supplies. The Olympic company had been a customer of appellant and had purchased supplies from it on credit for several years prior to the date of the alleged preferential payment.

For several months prior to August 4, 1930, appellant had been attempting to obtain payment on the Olympic company's overdue accounts without much success. In July, 1930, further credit was desired by the Olympic company, and after the exchange of a number of telegrams and considerable correspondence, appellant agreed that, if the Olympic company would pay its outstanding indebtedness, it would ship to it another carload of malt on credit. Acting on the strength of that promise, respondent wired the sum of $1,688 in payment of its indebtedness; but after the receipt of this money, appellant retained the money forwarded and notified the Olympic company that no further credit would be extended to it, and no malt was shipped.

August 14, 1930, an application was made by a creditor of the Olympic company for the appointment of a receiver upon the ground of insolvency, and February 5, 1931, a receiver was appointed. He, in turn, brought this action to recoup the money paid in August, 1930, alleging that such payment was made while the Olympic company was insolvent, and therefore it was an unlawful preference.

Appellant contends the trial court erred in not holding that Laws of 1931, chapter 47, § 1, p. 160, Rem. Rev. Stat., § 5831-1, barred this action by the receiver.

Respondent, however, urges that the case of *Sterrett v. White Pine Sash Co.*, 176 Wash. 663, 30 P. (2d) 665, is adverse to appellant's contention, because it holds that Rem. Rev. Stat., § 5831 [P. C. § 4532-1] *et seq.*, relating to preferences of insolvent corporations, cannot apply retroactively, and hence has no application to an alleged preferential payment made and a receiver appointed prior to the enactment of Rem.

Rev. Stat., §§ 5831-1 to 5831-3, inclusive. That statute became effective on June 10, 1931.

We cannot agree with respondent's contention. The *Sterrett* case holds that Rem. Rev. Stat., § 5831 *et seq.*, is not retroactive in respect to substantive rights. That is to say, that portion of the 1931 statute which qualified the trust fund doctrine so that thereafter it was necessary to show the recipient of the alleged preferential payment had "reasonable cause to believe" the corporation tendering payment was insolvent at the time payment was made, could have no application to such alleged preferences made prior to the effective date of that act. While that case also holds that the statute of limitations fixed by Rem. Rev. Stat., § 5831-1, could have no retroactive application, no statement was made relative to the prospective application of the statute of limitations fixed by the 1931 act from its effective date.

Rem. Rev. Stat., § 5831-1, provides:

"Actions in the courts of this state by a trustee, receiver or other liquidating officer of an insolvent corporation, to recover a preference as herein defined may be commenced at any time within six months from the time of the filing of the application for the appointment of such trustee, receiver or other liquidating officer."

It is a fundamental rule of statutory construction that a statute is presumed to operate prospectively and ought not to be construed to operate retrospectively in the absence of language clearly indicating such a legislative intent. *Teed v. Brotherhood of American Yeomen*, 111 Wash. 367, 190 Pac. 1005; *Hanford v. King County*, 112 Wash. 659, 192 Pac. 1013; *State ex rel. Chapman v. Edwards*, 161 Wash. 268, 295 Pac. 1017; *State ex rel. French v. Seattle*, 187 Wash. 58, 59 P. (2d) 914.

The statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its operation. *Cox v. Hart,* 260 U. S. 427, 67 L. Ed. 332. 43 S., Ct. 154; *Great Northern R. Co. v. Sutherland,* 273 U. S. 182, 71 L. Ed. 596, 47 S. Ct. 315; *Lewis v. Fidelity & Deposit Co.,* 292 U. S. 559, 78 L. Ed. 1425, 54 S. Ct. 848, 92 A. L. R. 794.

■ The 1931 act, *supra,* changed the then existing adjective law in so far as it provided that, to recover a preference, a receiver of an insolvent corporation must bring the action within six months from the time of the filing of the application for his appointment. The time provided for the commencement of actions relates only to the remedy, and hence may be abridged by subsequent legislation at the pleasure of the legislature. *McQuesten v. Morrill,* 12 Wash. 335, 41 Pac. 56; *Hanford v. King County, supra.* See, also, 1 Wood, Limitation of Actions (4th ed.), 76, § 12c.

In *Packscher v. Fuller,* 6 Wash. 534, 33 Pac. 875, a cause of action had accrued, and thereafter an act was passed changing the statute of limitations to recover real estate from twenty to ten years. The court concluded that the later statute governed and applied to the preexisting cause of action, and said:

"We think the statute of 1881 must govern, unaffected by the provisions of the prior law, and that the plaintiff (appellant here) had the full period of ten years after it took effect in which to commence her action. No mention is made of existing rights of action in this statute of 1881, and we cannot presume that the legislature intended it to have a retrospective operation in the absence of anything more indicative of such an intention than the general language of the provision itself. *Sohn v. Waterson,* 17 Wall. 596.

"The rule as to which statute governs when a change has been made in the period of limitation is laid down in Wood on Limitation of Actions, p. 30, as follows:

" 'If, before the statute bar has become complete, the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect; but that the time past is effaced, and the new law governs. That is, the period provided by the new law must run upon all existing claims, in order to constitute a bar. In other words, the statute in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before the suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the bar.' "

To the same effect, see *McQuesten v. Morrill, supra; Hanford v. King County, supra; Perkins v. South Bend,* 133 Wash. 349, 233 Pac. 655.

In referring to the specific statute of limitations set forth in Rem. Rev. Stat., § 5831-1, in *Morris v. Orcas Lime Co.,* 185 Wash. 126, 53 P. (2d) 604, we said:

"The statute defining and allowing recovery for a preference creates a statutory, legal liability, subject to the limitation that a suit to enforce it must be commenced within six months from the time of filing the application for the appointment of a trustee, etc. The limitation is not one that goes to the remedy of a defendant, like the ordinary statute of limitation, but it goes to the cause of action or right to sue. The time prescribed—six months from the time of filing the application for appointment of the trustee for the *commencement* of the action—is a condition to the enforcement of the liability or the trustee's right of recovery, an element in the right itself. The right falls with the failure to commence the action within the allotted time."

We believe the new statute of limitations provided for a reasonable time within which to commence causes of action which accrued prior to its enactment. The six months statute of limitations provided for by

the statute before us, operates *in futuro* from June 10, 1931, governs with respect to respondent's preexisting cause of action, limits it, and the full time allowed by the new statute within which to institute the action became applicable to his cause of action. The limitation prescribed by the new statute commenced when the cause of action was first subjected to the operation of the statute, that is, upon its effective date.

Respondent, however, insists appellant is precluded from setting up the statute of limitations as an affirmative defense in its answer by reason of the fact that it is a foreign corporation and has no statutory agent in this state. In the amended complaint, it was pleaded that appellant has not, and has not had, a registered agent in this state. Appellant answered, admitting this to be true.

Rem. Rev. Stat., § 3854 [P. C. § 4659], provides for the appointment of an agent by foreign corporations and the filing of such appointment of record with the secretary of state. Rem. Rev. Stat., § 226 [P. C. § 8438], prescribes that service of process may be made upon any agent, secretary, or cashier of any foreign corporation doing business in this state. Rem. Rev. Stat., § 3817 [P. C. § 4506], also provides for service of process through the secretary of state.

While Rem. Rev. Stat. (Sup.), § 3836-12 [P. C. § 4656-62] (Laws of 1937, chapter 70, p. 245, § 12), prohibits a corporation from commencing or maintaining any action without alleging and proving it has paid or contracted to pay all fees due the state of Washington, there is no statute prohibiting it from defending an action merely because no registered agent was appointed by the foreign corporation.

"A statute merely prohibiting the commencement, maintenance, or prosecution of an action does not prevent a foreign corporation which has not complied

with the statute from defending a suit brought against it." 14a C. J. 1312, § 4016.

In *Clawson v. Boston Acme Mines Development Co.,* 72 Utah 137, 269 Pac. 147, 59 A. L. R. 1318, the court stated:

"As the statute, section 947, does not prohibit a foreign corporation from defending an action brought against it, and as no exception is made in the statute of limitations depriving noncomplying foreign corporations of the right to plead such statute, it would seem to follow as a necessary corollary from what has been said that such corporations have the right to plead the statute the same as natural persons and corporations which have complied with the law. It seems to us it would be judicial legislation on our part to undertake to create an exception in addition to those enacted by the Legislature, when the Legislature itself has apparently undertaken to cover the entire field in that respect."

Hence, respondent cannot be heard to complain of the interposition of the defense of the statute of limitations by appellant.

Since respondent did not commence his action within six months after the effective date of the 1931 act, his cause of action has been barred by virtue of the running of the statute of limitations. The conclusion reached has rendered unnecessary a consideration of the remaining errors assigned.

The judgment is therefore reversed.

STEINERT, C. J., MAIN, BLAKE, and ROBINSON, JJ., concur.

## ON REHEARING.

[*En Banc.* March 23, 1939.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.