[No. 37861. Department Two. September 2, 1965.]

NEIL B. O'DONOGHUE et al., Appellants, v. THE STATE OF WASHINGTON, Respondent.*

*Horton & Wilkins*, by *Hugh B. Horton*, for appellants.

*Reported in 405 P.2d 258.

*The Attorney General, Dean A. Floyd, Edward B. Mackie,* and *Lloyd W. Peterson, Assistants,* for respondent.

KALIN, J.†—The chronology of facts necessary for the disposition of this case is as follows:

On March 25, 1963—Laws of 1963, ch. 159 (RCW 4.92) was adopted by the Washington State Legislature.

May 15, 1963—The appellant wife was injured in a fall while a patient at Eastern State Hospital, allegedly as a result of respondent's negligence.

June 13, 1963—Laws of 1963, ch. 159 (now RCW 4.92) became effective.

October 11, 1963—Expiration of 120 days (4 months) from June 13, 1963, the effective date of Laws of 1963, ch. 159.

December 10, 1963—Appellants commenced an action by service and filing of the summons and complaint.

January 21, 1964—Appellants transmitted a claim to the Washington State Auditor, who rejected the claim on the same date on the basis that liability had not been established.

March 6, 1964—An order of dismissal was entered in Spokane County Superior Court upon the ground that appellants failed to file a claim in accordance with RCW 4.92.

The 1961 session of the legislature adopted chapter 136 whereby the State of Washington waived its sovereign immunity and consented to action against it for damages arising out of its tortious conduct. At that time, RCW 43.09.160, the general claim statute passed in 1890, was in full force and effect, and required that a claim against the state be filed with the state auditor within 2 years after the claim accrued. This statute has never been repealed and is still in full force and effect.

However, RCW 4.92.100, which was enacted by the 1963 session of the legislature, provides in part:

All claims against the state for damages arising out of *tortious conduct* shall be presented to and filed with the

---

†Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

state auditor within one hundred twenty days from the date that the claim arose. (Italics ours.)

RCW 4.92.110 makes the presentation and filing of the claim a prerequisite to the bringing of the suit or action.

Appellants claim error in the granting of the motion to dismiss.

The appellants argue here that the state granted a right by Laws of 1961, ch. 136, to be sued for its tortious conduct; that at that time the only limitation on the period for filing claims was 2 years as prescribed by RCW 43.09.160; that the 2-year limitation period was in effect at the time of the alleged tort; that the 120-day limitation period of RCW 4.92.100 did not become effective until after the tortious claim had accrued and, therefore, the old 2-year period should apply and appellants then would have a legitimate claim against the state. It is also contended that to apply RCW 4.92.100 to appellants' cause would deny appellants a vested right by a retrospective application of the statute. These arguments are untenable.

It may be said without question that an action cannot be maintained against the state without its consent. ". . . The principle seems too axiomatic to require citation of supporting authority . . . ." *State ex rel. Thielicke v. Superior Court,* 9 Wn.2d 309, 310, 114 P.2d 1001 (1941).

Since the state, as sovereign, must give the right to sue, it follows that it can prescribe the limitations upon that right. In *State ex rel. Pierce Cy. v. Superior Court,* 86 Wash. 685, 688, 151 Pac. 108 (1915), we said:

> [T]he state being sovereign, its power to control and regulate the right of suit against it is *plenary*; it may grant the right or refuse it as it chooses, and when it grants it may annex such condition thereto as it deems wise, and no person has power to question or gainsay the conditions annexed. (Italics ours.)

Const. art. 2, § 26 declares: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state."

The legislature has prescribed the limitations and the manner in which suits must be brought. Claim statutes

of the type involved here are mandatory and compliance with them is a condition precedent to recovery. *Boss v. Spokane,* 63 Wn.2d 305, 387 P.2d 67 (1963); *Forseth v. Tacoma,* 27 Wn.2d 284, 178 P.2d 357 (1947); *Duschaine v. Everett,* 5 Wn.2d 181, 105 P.2d 18, 130 A.L.R. 134 (1940) and cases cited therein.

The fact that the legislature amends the procedure, or rather limits the time for filing suits, does not prejudice substantive rights of appellants. Appellants not only had the benefit of the 120-day period in which to file a claim with the state auditor, but also had 29 days from the time the cause of action arose until the legislation became effective. Consequently, it is seen that in no sense is this a retrospective application of the law.

We have said that statutes affecting vested rights will be construed as operating prospectively only. *Nogosek v. Truedner,* 54 Wn.2d 906, 344 P.2d 1028 (1959); *Hammack v. Monroe St. Lbr. Co.,* 54 Wn.2d 224, 339 P.2d 684 (1959). That is exactly what is being done in this case. The appellants' time to file their claim ran from the effective date of the statute. The issue here is procedural or remedial rather than one affecting a substantive right. We discussed the distinction between right and remedy in *Hammack, supra,* p. 231:

> The United States supreme court in *Chelentis v. Luckenbach S.S. Co.,* 247 U.S. 372, 384, 62 L. Ed. 1171, 38 S. Ct. 501, explained it in two sentences:
> "The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury. . . ."

Judge Neterer stated in *Mikkelson v. Pacific S.S. Co.,* 46 F.2d 124, 125:

> Right is a legal consequence which applies to certain facts, and under the new rules a new right is created and based on negligence. Remedy is a procedure prescribed by law to enforce a right.

RCW 4.92.090 provides the right:

> The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for dam-

ages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

RCW 4.92.100 and 4.92.110 provide the procedure for the realization of that right. RCW 4.92.100 reads in part:

All claims against the state for damages arising out of tortious conduct shall be presented to and filed with the state auditor within one hundred twenty days from the date that the claim arose.

RCW 4.92.110 states in part:

No action shall be commenced against the state for damages arising out of tortious conduct until a claim has first been presented to and filed with the state auditor.

We said in *Hanford v. King Cy.*, 112 Wash. 659, 661, 192 Pac. 1013 (1920):

Limitation laws pertain only to the remedy and may be changed at the pleasure of the legislature, but such laws will not be given a retroactive effect unless it appears that such was clearly the legislative intention.

The appellants must comply with the procedural requirements of RCW 4.92.100 and 4.92.110 to avail themselves of the statutory right to sue the state as a private person for tortious conduct. *Hanford v. King Cy., supra.* In *Hanford,* the statute under consideration provided for the filing of claims within 60 days after the date the claim arose. There, the plaintiff had filed a claim within 60 days of the effective date of the statute, but not within 60 days of the injury, which had occurred prior to the statute's effective date. The question arose whether the 60-day limitation should be counted retroactively from the time of the accrual of the claim or prospectively from the effective date of the statute. The court chose the prospective application and held that the 60-day application should be counted from the effective date of the statute, p. 661:

The statute not being retroactive, to what extent does it apply to causes of action which had accrued at the time it became operative? Upon this question in *Baer v. Choir,* 7 Wash., 631, 32 Pac. 776, 36 Pac. 286, the rule of the United States supreme court (*Sohn v. Waterson,* 17 Wall. [U.S.] 596) was adopted, which is to the effect

that a new statute of limitations takes effect upon the preexisting rights of action and limits them, but in every such case the full time allowed by the new statute is available to the complainant. In other words, the limitation of the new statute, as applied to pre-existing causes of action, commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided.

The judgment of the superior court in dismissing the appellants' complaint is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.