[No. 15000–6–I.   Division One.   September 15, 1986.]

KING COUNTY BOUNDARY REVIEW BOARD, *Appellant,* v.
THE CITY OF AUBURN, ET AL, *Respondents.*

364

*Robert C. Kaufman* and *Kroum & Kaufman,* for appellant.

*John B. Bereiter, City Attorney,* for respondents.

SCHOLFIELD, C.J.—The King County Boundary Review Board appeals the dismissal of its declaratory judgment action against the City of Auburn. The trial court dismissed the action on the basis that the Board failed to reach a decision in a pending review within the 120–day time period required by a recently amended statute. We affirm.

FACTS

A notice of intention to extend permanent water and sewer service to the Lea Hill area was filed by the City of Auburn with the King County Boundary Review Board on September 21, 1982. The notice of intention became effective on November 15, 1982, after a revised legal description was filed.

On January 13, 1983, pursuant to RCW 36.93.100,[1] three members of the Board requested a formal review of the City's proposed action. On June 30, 1983, the Board held a public hearing. The City appeared at the hearing through its various representatives. At its July 14, 1983 meeting, the

---

[1]RCW 36.93.100 is set forth on pages 365–66 of this opinion.

Board voted to reopen the public meeting and scheduled another public hearing for September 22, 1983.

Effective July 24, 1983, the Legislature amended RCW 36.93.100 to require a county boundary review board to make a finding within 120 days of a filing of a request for review.

On August 9, 1983, the City's mayor sent a letter to the Board stating the City's position that the Board had failed to timely exercise jurisdiction and "no longer [was] involved in it." Just prior to the scheduled September 22, 1983 public meeting, the City reminded the Board that it would not appear at the public hearing. The Board continued the hearing date until December 1983.

In December 1983, the Board filed an action in King County Superior Court, seeking a declaratory judgment requiring the City to submit to the Board's jurisdiction for the Lea Hill matter. In its answer, the City stated that it did not acknowledge the jurisdiction of the Board and that the Board's complaint failed to state a claim upon which relief could be granted.

On May 4, 1984, the City filed a motion for summary judgment. On June 27, 1984, the trial court granted the City's motion, on the basis that the City's notice of intent was deemed approved by operation of law, through the failure of the Board to reach a decision within 120 days after the amendment to RCW 36.93.100 became effective. This appeal timely followed.

STATUTORY AMENDMENT

RCW 36.93.100 reads as follows:

Review of proposed actions by board—Procedure. The board shall review and approve, disapprove, or modify any of the actions set forth in RCW 36.93.090 when any of the following shall occur within sixty days of the filing of a notice of intention:

(1) The chairman or any three members of the boundary review board files a request for review;

(2) Any governmental unit affected files a request for review;

(3) A petition requesting review is filed and is signed by

(a) five percent of the registered voters residing within the area which is being considered for the proposed action (as determined by the boundary review board in its discretion subject to immediate review by writ of certiorari to the superior court); or

(b) an owner or owners of property consisting of five percent of the assessed valuation within such area.

If a period of sixty days shall elapse without the board's jurisdiction having been invoked as set forth in this section, the proposed action shall be deemed approved.

If a review of a proposal is requested, the board shall make a finding as prescribed in RCW 36.93.150 within one hundred twenty days after the filing of such a request for review. If this period of one hundred twenty days shall elapse without the board making a finding as prescribed in RCW 36.93.150, the proposal shall be deemed approved unless the board and the person who submitted the proposal agree to an extension of the one hundred twenty day period.

The underlined portion is the amendment to this statute that took effect on July 24, 1983. Prior to the amendment, no time limit was specified for the Board's decision.

█ █ Legislative enactments are presumed to have prospective application only and will not be applied retroactively unless the legislative intent to so apply them is clearly expressed. *See Puyallup v. Pacific Northwest Bell Tel. Co.,* 98 Wn.2d 443, 656 P.2d 1035 (1982). In *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 85 P.2d 264 (1938), the Washington Supreme Court held that a new statute of limitations, which placed a 6–month limitation on actions commenced by receivers, applied to pending cases. *Earle,* at 346. The court noted that a statute is not made retroactive "merely because it draws upon facts antecedent to its enactment for its operation." *Earle,* at 345.

The court went on to say that it felt that the new 6–month statute of limitations constituted a reasonable time for a party to commence a cause of action which accrued prior to the enactment. *Earle,* at 346. The court stated that:

The limitation prescribed by the new statute commenced when the cause of action was first subjected to the operation of the statute, that is, upon its effective date.

*Earle,* at 347.

In *Severson v. Penski,* 36 Wn. App. 740, 677 P.2d 198, *review denied,* 101 Wn.2d 1015 (1984), the Court of Appeals analyzed the effect of a 1981 amendment to RCW 6.24.145 relating to the redemption period following a sheriff's sale. The amendment required that the purchaser at a sheriff's sale send written notice to the judgment debtor, reminding him of his redemptive rights and the consequences of failing to redeem, every 2 months during the redemption period. The penalty for failing to send the notices was a 2-month extension for every missed notice. The new statute became effective almost 5 months before the end of the redemption period in *Severson.* No notices were ever sent to the judgment debtor. The sole issue on appeal was whether RCW 6.24.145 applied to the unexpired part of the redemption period following the effective date of the statute. The court noted that the new law did not act retroactively to affect activities carried out prior to its effective date, if the amendment was applied solely to the unexpired portion of a redemption period. The court referred to 2 C. Sands, *Statutory Construction* § 41.04, at 253–54 (4th ed. 1973) for the rule:

> [W]here a new statute deals only with procedure, prima facie it applies to all actions—to those which have accrued or are pending, and to future actions. But steps already taken, including pleadings, and all things done under the old law continue effective, unless an intent to the contrary is plainly manifested. *Absent a clearly expressed legislative purpose to the contrary, pending cases are only affected as to future proceedings from the point reached when the new law becomes operative.*

(Footnotes omitted. Italics ours.) The Court of Appeals held that once the statute became effective, the purchaser was required to send the notices. The court described this application not as retroactive application, but rather, immediate prospective application. *Severson,* at 745.

Applying the law to the facts in the case before us, we see that the amendment to RCW 36.93.100 was correctly applied by the trial court. The King County Boundary Review Board was obliged to reach a decision within 120 days after the effective date of the amendment. The Board failed to reach a decision on the Lea Hill matter prior to November 24, 1983, and thus the proposal was deemed approved by operation of law.

### THE CITY'S ACTIONS

The Board argues that the lack of cooperation from the City in participating in the public hearings made it impossible for the Board to render a decision in good faith. The Board argues that the City should not be permitted to benefit from its own wrongful activity.

The Board asserts that it was notified of the City's refusal to cooperate further in public hearings on August 9, 1983, approximately 14 days after the effective date of the amendment to RCW 36.93.100. The Board argues that without the City's participation in the public hearings, it was unable to render a decision in good faith. The Board's argument cannot be sustained. The Board could certainly have issued its decision based on limited information or could have subpoenaed City witnesses and documents, if necessary. The City's refusal to participate in the public hearings did not prevent the Board from reaching a decision.

Judgment affirmed.

WILLIAMS and RINGOLD, JJ., concur.