[No. 55004–2.  En Banc.  June 1, 1989.]

BONNIE MERRIGAN, *Individually and as Guardian, Appellant,* v. H. STEPHEN EPSTEIN, ET AL, *Respondents.*

*Edwards & Barbieri,* by *Richard L. Barbieri* and *Howard M. Goodfriend,* for appellant.

*Williams, Kastner & Gibbs,* by *Sheryl J. Willert* and *Margaret A. Sundberg,* for respondents Epstein.

*Lee, Smart, Cook, Martin & Patterson, P.S.,* by *Nancy C. Elliott* and *Jeffrey P. Downer,* for respondent Swedish Hospital.

*Bryan P. Harnetiaux* and *Robert H. Whaley* on behalf of Washington State Trial Lawyers Association, amici curiae for appellant.

*Jeffrey I. Tilden* and *William A. Kinsel* on behalf of the Liability Reform Coalition, amici curiae for respondents.

SMITH, J.—Appellant Nathaniel Merrigan, a minor, through his mother and guardian ad litem, Ms. Bonnie Merrigan, seeks reversal of a summary judgment dismissal in the King County Superior Court of appellant's medical malpractice lawsuit against H. Stephen Epstein, M.D., and Swedish Hospital for personal injuries appellant allegedly suffered at birth. We reverse the trial court.

This case involves the following issues:

1. Whether the trial court erred in granting dismissal on summary judgment of appellant's medical malpractice claim for injuries sustained at birth, based upon the court's determination that the 1986 and 1987 amendments to RCW 4.16.350 (tort reform act) did not alter the absolute 8–years–from–act–or–omission limitation period after which a plaintiff's action is barred;

2. Whether the trial court's conclusion that RCW 4.16-.350 and corresponding 1986 and 1987 amendments operate to bar appellant's claim deprives a plaintiff of equal protection of state and federal laws in violation of the fourteenth amendment to the United States Constitution, and article 1, section 12 of the Washington State Constitution; and

3. Whether the trial court's conclusion that RCW 4.16-.350 and corresponding 1986 and 1987 amendments operate to bar appellant's claim deprives a plaintiff of a property right in violation of the due process clause of the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution.

Nathaniel Merrigan was born July 30, 1977. Appellant Bonnie Merrigan contends that Dr. H. Stephen Epstein's use of forceps during delivery caused Nathaniel Merrigan severe and permanent injury. The trial court granted defendants' summary judgment motion on the grounds that the 8–year statute of limitations (8–years–from–act–or–omission) under the tort reform act barred the action which was perfected June 3, 1987, when the complaint was filed in the King County Superior Court.

Appellant Bonnie Merrigan argues that this lawsuit was "substantially filed" before the 1986 and 1987 amendments to RCW 4.16.350 became effective (August 1, 1986, and April 29, 1987, respectively) and that the tort reform act therefore does not bar the action. Appellant argues, in the alternative, that even if this court holds that the tort reform act *does* bar the action because the complaint was

filed after August 1, 1986, the filing nevertheless complies with the applicable 1–year and 8–year limitation periods. Appellant contends that this action was commenced before expiration of the 1–year statute of limitations following imputed knowledge or discovery of the elements of the cause of action, and before expiration of the 8–years–from–act–or–omission limitation period which was tolled under RCW 4.16.190 because of Nathaniel Merrigan's minority and incapacity.

Respondents argue that even if the 8–year bar is not applicable, the action of appellant Merrigan is subject to the 1–year–from–discovery limitation in RCW 4.16.350 since she was appointed guardian ad litem for her son on April 24, 1986. They contend that upon appointment of a guardian ad litem, any disability contemplated by RCW 4.16.190 disappears because the guardian ad litem is specifically appointed by the court to institute legal actions. Consequently, they contend that appellant Merrigan was obligated under RCW 4.16.350 to bring this action within 1 year of her appointment, that is, not later than April 24, 1987.

On July 30, 1977, Nathaniel Merrigan sustained permanent and severe injuries at birth, alleged to have been caused by respondents Dr. H. Stephen Epstein and Swedish Hospital.

On April 4, 1986, the Governor signed the 1986 tort reform act which applies to medical malpractice actions filed on or after August 1, 1986, arising from health care provided after June 25, 1976.

On April 24, 1986, when Nathaniel Merrigan was 8 years old, his mother, Ms. Bonnie Merrigan, filed a petition for appointment of guardian ad litem and order appointing guardian ad litem in the King County Superior Court to prosecute the claims of her son against respondents Epstein and Swedish Hospital for injuries arising out of their alleged negligence on July 30, 1977.

On April 30, 1986, the summons and complaint, describing the same action as the filed petition and containing the

same caption and cause number, were served on respondents. The affidavits of service with the summons attached were filed in the superior court on the same day. It was not until a year later, on May 11, 1987, that the parties discovered the process server had not filed the complaint with the other pleadings.

On August 1, 1986, the 1986 tort reform act (Laws of 1986, ch. 305, § 502, p. 1361) became effective. Section 502 of the act contained an amendment to RCW 4.16.350, the medical malpractice statute of limitations (1986 amendment). The 1986 amendment imputed knowledge of a cause of action by a custodian or guardian to a person under 18 years of age (a minor).

On April 29, 1987, the 1987 amendment to the tort reform act (Laws of 1987, ch. 212, § 1401, p. 795) became effective, further modifying RCW 4.16.350 by providing that knowledge of a custodial parent or guardian shall be imputed to a minor as of the effective date of the 1987 amendment.

On May 11, 1987, the parties discovered that the complaint had not been filed.

On May 19, 1987, respondents moved for dismissal by summary judgment, arguing that the 1986 amendment to RCW 4.16.350 applied to appellant Merrigan's claim because the complaint had not been filed prior to August 1, 1986.

On June 3, 1987, respondents' summary judgment motion was heard before the Honorable Frank L. Sullivan in the King County Superior Court. On the same day, appellant Merrigan's complaint was filed in superior court. It was identical to the complaints previously served upon respondents on April 30, 1986.

On June 22, 1987, Judge Sullivan signed an order of dismissal on summary judgment based upon the failure to commence appellant Merrigan's complaint "within any of the applicable limitation periods provided by RCW 4.16-.350, as amended in 1986." He denied a motion for reconsideration. Nathaniel Merrigan was 9 years old when the case was dismissed.

On September 16, 1987, appellant Merrigan moved to vacate the dismissal for the reason that trial counsel and the trial court had been unaware that the 1986 amendment had been superseded by the 1987 amendment at the time of the summary judgment dismissal on June 22, 1987.

On September 30, 1987, the trial court entered its order denying appellant Merrigan's motion for vacation of the dismissal, stating that:

The amendments to RCW 4.16.350 do not in any way change the absolute period of limitation for the claims of Nathaniel Merrigan eight years from the date of the act or omission. The claims of Nathaniel Merrigan are barred by the applicable limitation period since this cause of action was not commenced within eight years of the date of the alleged act or omission.

Timely notices of appeal from the summary judgment dismissal and the order denying the motion for vacation of the judgment, both of which were consolidated for appeal, were filed in the Court of Appeals, Division One. The appellant's motion to transfer the appeal to this court was granted.

It is not necessary to address appellant's constitutional challenges to the trial court's dismissal because the matter is resolved by examination of appellant's first issue: whether the trial court erred in granting summary judgment dismissal of appellant Merrigan's medical malpractice claim, based on the court's determination that the 1986 and 1987 amendments to RCW 4.16.350 did not alter the absolute 8–years–from–act–or–omission limitation period after which a plaintiff's action is barred.

Since its enactment in 1976, RCW 4.16.350 has provided:

Any civil action for damages for injury occurring as a result of health care which is provided after June 25, 1976 against:

(1) . . . a physician . . .

. . . or

(3) . . . a hospital . . .

based upon alleged professional negligence shall be commenced within three years of the act or omission alleged

to have caused the injury or condition, or one year of the time the patient or his representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission . . .

However, under the specific terms of RCW 4.16.190, the period during which appellant Merrigan is under the age of 18 "shall not be a part of the time limited for the commencement of action."[1]

The 1986 amendment to RCW 4.16.350 (Laws of 1986, ch. 305, § 502, p. 1361) added the following language to the medical malpractice statute of limitations:

> For purposes of this section, notwithstanding RCW 4.16.190, the knowledge of a custodial parent or guardian shall be imputed to a person under the age of eighteen years.

The 1987 amendment to RCW 4.16.350 modified the 1986 amendment by adding the following underlined language:

> For purposes of this section, notwithstanding RCW 4.16.190, the knowledge of a custodial parent or guardian shall be imputed to a person under the age . . . of eighteen years, and such imputed knowledge shall operate to bar the claim of such minor to the same extent that the claim of an adult would be barred under this section. Any action not commenced in accordance with this section shall be barred.
>
> For purposes of this section, with respect to care provided after June 25, 1976, and before August 1, 1986, the knowledge of a custodial parent or guardian shall be imputed as of the effective date of this 1987 section, to persons under the age of eighteen years.

---

[1]RCW 4.16.190 provides:

"If a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . under the age of eighteen years, . . . the time of such disability shall not be a part of the time limited for the commencement of action."

Laws of 1987, ch. 212, § 1401, p. 796. The effective date of the 1987 amendment was April 29, 1987 (Laws of 1987, ch. 212, § 1903, p. 800). The effective date of April 29, 1987, is specifically stated in the current version of RCW 4.16.350.

■ The 1987 amendment clarified the Legislature's intent to begin operation of the 1–year statute, which the Legislature was imposing on minors for the first time, only on the effective date of the amendment. Thus, any knowledge appellant Merrigan had of the elements of a medical malpractice action would be imputed to her son. However, the 1–year period would begin to run no earlier than April 29, 1987, the effective date of the 1987 amendment. As a result, the 1–year limitation period could not run against Nathaniel Merrigan until April 29, *1988*. Inasmuch as appellant Merrigan's summons and complaint were served on respondents on April 30, 1986, and the complaint was filed June 3, 1987—almost a year prior to the end of the limitation period—the 1–year statute of limitations does not bar appellant Merrigan's action.

Appellant Merrigan's medical malpractice claim is also not barred by the maximum 8–year statute of limitations because the 1986 and 1987 amendments to RCW 4.16.350 did not abrogate the tolling effect of RCW 4.16.190 for incapacitated minors except to impute knowledge to a minor on April 29, 1987, if the minor's parent or guardian had knowledge of a medical malpractice action. A minor who received an injury resulting from health care "provided after June 25, 1976, and before August 1, 1986" is not subject to the 8–year statute of limitations under RCW 4.16-.350. The Legislature's express language allowing minors injured after June 25, *1976,* to retain their right to redress malpractice injuries under the tort reform act demonstrates there was no intent to impose the 8–year statute of limitations to immediately bar a minor plaintiff's claim on the effective date of the 1986 amendment. The action is not barred because the tolling statute, RCW 4.16.190, operates to suspend the 8–years–from–act–or–omission period for the duration of the child's minority or incapacity.

The time limit for bringing a claim under a new statute begins to run upon pre–existing claims only on the effective date of the statute. *O'Donoghue v. State,* 66 Wn.2d 787, 791–92, 405 P.2d 258 (1965); *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 344–45, 85 P.2d 264 (1938); *Hanford v. King Cy.,* 112 Wash. 659, 661, 192 P. 1013 (1920); *King Cy. Boundary Review Bd. v. Auburn,* 45 Wn. App. 363, 366–67, 725 P.2d 451 (1986); *Torkelson v. Roerick,* 24 Wn. App. 877, 879–80, 604 P.2d 1310 (1979). Dean Lewis H. Orland states:

> It has been broadly stated that statutes of limitations are to be given prospective application only. However, the matter is not that simple. An examination of the opinions show that statutes of limitations are acknowledged to be procedural and are retroactively applied, but are given special treatment. More accurately stated, *the rule is that the new limitations law operates retroactively on causes of action which accrued prior to the change in law, but the new period of limitations starts to run from the effective date of the statute which makes the change.*
>
> The same principle has been applied to tolling statutes. Thus, when, after the cause of action accrued, the tolling statute was amended to reduce to eighteen the age during which tolling would be operative; the plaintiff in a tort case had only three years after the effective date of the amendatory statute to file or serve her suit when she was eighteen years of age prior to the amendment.

(Footnotes omitted. Italics ours.) Orland & Stebing, *Retroactivity in Review: The Federal and Washington Approaches,* 16 Gonz. L. Rev. 855, 881–82 (1981). *See also Carscadden v. Alaska,* 105 F.2d 377, 380 (9th Cir. 1939).

Imputation of knowledge under the statute relates to a custodial parent or guardian and not to a guardian ad litem. RCW 4.16.350; Laws of 1986, ch. 305, § 502, p. 1361; Laws of 1987, ch. 212, § 1401, p. 796. Knowledge of the mother, Ms. Bonnie Merrigan, as "custodial parent" is imputed to the child. The fact that the mother was appointed guardian ad litem is of no consequence to this action under RCW 4.16.350 except to the extent that "with

respect to care provided after June 25, 1976, and before August 1, 1986, the knowledge of a custodial parent or guardian shall be imputed as of the effective date of this 1987 section, to persons under the age of eighteen years."

The alleged injury occurred at Nathaniel Merrigan's birth, July 30, 1977, more than 1 year after June 25, 1976, and 9 years before August 1, 1986. The effective date of the 1987 amendment to RCW 4.16.350 was April 29, 1987. The 1–year statute of limitations under RCW 4.16.350 would not have run until April 29, 1988. Appellant Merrigan's summons and complaint were served and filed by June 3, 1987. This was more than 10 months prior to expiration of the applicable 1–year statute of limitations under RCW 4.16.350. The 3–year statute of limitations under RCW 4.16.350 will not have run until April 29, 1990. Similarly, appellant Merrigan's action is not barred by the 8–years–from–act–or–omission limitation period because the 1986 and 1987 amendments to RCW 4.16.350 did not abrogate the tolling effect of RCW 4.16.190 for incapacitated minors except to impute knowledge to a minor on April 29, 1987, if the minor's parent or guardian had knowledge of a medical malpractice cause of action.

We therefore reverse the trial court's summary judgment dismissal of appellant Merrigan's medical malpractice action because no limitation periods prescribed under RCW 4.16.350 and its corresponding 1986 and 1987 amendments bar the action perfected June 3, 1987. The trial court thus erred in holding that the action was barred by the 8–years–from–act–or–omission limitation period under RCW 4.16-.350.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.

Reconsideration denied July 25, 1989.