[No. 26076. *En Banc.* November 2, 1936.]

BONDED ADJUSTMENT COMPANY, *Appellant,* v. BURTON
A. HELGERSON *et al., Respondents.*[1]

*W. W. Clarke,* for appellant.
*Hamblen, Gilbert & Brooke,* for respondents.

HOLCOMB, J.—The facts are stipulated in the court
below and here and are, briefly, these:

On March 15, 1935, appellant obtained a judgment
in the superior court of Spokane county against re-
spondents and each of them, and the marital com-
munity, for a total of $512.92 and interest. The next
day, March 16th, appellant caused to be personally
served on respondents a notice of judgment, the body
of which reads:

"To the above named defendants:

"You and each of you are hereby notified that the
plaintiff in the above entitled case obtained a judg-
ment in the above entitled court on the 15th day of
March, 1935 against you in the sum of $316.95 on its
first cause of action, the sum of $129.47 together with
$25.00 attorney's fees on its second cause of action,

[1]Reported in 61 P. (2d) 1267.

and the sum of $33.50 on its third cause of action, and for the sum of $8.00 its costs and disbursements herein expended, all with interest at the legal rate from November 2, 1934, until paid.''

On the day that the judgment was entered against respondents, they owned, as community property, and were in possession of lot 14, block 93, of Lidgerwood Park Addition to the city of Spokane, Washington.

On April 26, 1935, more than thirty days after the service of the notice of judgment, appellant took out execution, which was levied upon the real estate above described, and it, after the usual proceedings prescribed by statute, was sold at sheriff's sale on June 1, 1935, and bid in by appellant for one hundred dollars. Thereupon, the sheriff of Spokane county issued a certificate of purchase to appellant. It was admitted that all of these proceedings were regular, legal and valid in all particulars.

On July 29, 1935, respondents redeemed the property from the sheriff's sale, for which he issued a certificate of redemption. On the same day, respondent Mrs. Helgerson filed a declaration of homestead on the property, which is still of record in the auditor's office of Spokane county.

On October 18, 1935, appellant caused another writ of execution to be issued upon its deficiency judgment, which writ was legal and regular in all respects as to form and issuance, and caused the sheriff to again levy upon the real estate herein described. Respondents thereupon filed a petition in the superior court of Spokane county praying that the writ of execution and execution sale be quashed and vacated. This petition came on for hearing on November 22, 1935, and on November 23, 1935, and prior to the time set for the sheriff's sale, an order was entered and signed by one of the judges of that court quashing the execution

issued on October 18, 1935, and all proceedings thereunder so far as they affect the property herein described, by reason of the fact that respondents had filed a homestead declaration on the property.

Appellant appeals from the order quashing the writ of execution and the execution sale.

The controlling statute is Rem. Rev. Stat., § 528 [P. C. § 7860], reading:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected at any time before sale, as in this chapter provided, but unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the manner provided by law for the service of summons in civil actions, it shall not be exempt from sale."

Respondents contend, with which the trial court agreed, that when they redeemed the property from the first sheriff's sale it was, in effect, a repurchase of the property and therefore is controlled by *Spencer v. Pacific Mercantile Agency,* 154 Wash. 191, 281 Pac. 482.

This court has long and consistently held that a certificate of sale executed by a sheriff does not vest title, being at most but evidence of an inchoate estate that may or may not ripen into an absolute title. *Atwood v. McGrath,* 137 Wash. 400, 242 Pac. 648.

That rule is contrary to the rule in many states. *Ford v. Nokomis State Bank,* 135 Wash. 37, 237 Pac. 314. It, however, has never been departed from nor modified in this state.

Under the last cited case, which His Honor, the trial judge, deemed distinguishable from this, where the property is sold for less than the amount of the judgment and redeemed by the grantee of the judgment debtor, it can be again sold under execution on the

deficiency remaining on the judgment after the first sale.

When the judgment debtors were notified on March 16, 1935, within the statutory period, of the judgment that had been entered against them, they then had thirty days within which to file a homestead right or be forever barred from that right as regards this particular judgment. They did not do so and thereby lost their right to claim a homestead against that judgment.

The judgment is reversed.

ALL CONCUR.