[No. 27952. Department One. August 27, 1940.]

BONDED ADJUSTMENT COMPANY, *Appellant*, v. C. J. HEDEN *et al.*, *Respondents*.[1]

[1]Reported in 105 P. (2d) 44.

*Clarke & Eklow,* for appellant.

*J. F. Aiken,* for respondents.

MAIN, J.—The Bonded Adjustment Company, a corporation, as plaintiff, brought this action seeking to recover a money judgment against C. J. Heden and Mrs. C. J. Heden, his wife. In the complaint, there were two causes of action, separately stated. One was based upon a promissory note, and the other, upon the alleged balance for medical services rendered. Judgment by default was entered against the defendants on both causes of action on May 26, 1939. Thereafter, notice of the judgment was regularly served upon the defendants.

August 7, 1939, the defendants filed a declaration of homestead, which was more than thirty days after they had been served with notice of the judgment. On the same day that they filed the declaration of homestead, they filed a petition in bankruptcy in the United States district court at Spokane, this state.

After the judgment had been entered, the plaintiff caused an execution to issue and levied upon the property which the defendants claimed as a homestead. On application of the defendants, an order was entered by the superior court of Spokane county staying all proceedings on the execution until October 24, 1939. Prior to that date, the plaintiff moved to dissolve the restraining order and for an order permitting it to proceed with the sale of the property. The defendants presented a motion asking that the temporary restraining order be made permanent. A hearing was

had upon these motions, with the result that the temporary restraining order was made permanent.

On the date that the voluntary petition in bankruptcy was filed, the defendants were adjudicated bankrupts, and a trustee was duly appointed. In the bankruptcy proceeding, the homestead property was listed as having a value of three thousand dollars, subject to a mortgage of one thousand dollars. All the matters mentioned above took place within a period of four months prior to the time the defendants were adjudicated bankrupts. During all of that period, and for some considerable time prior thereto, the defendants were, and had been, insolvent. The bankruptcy court set apart to the defendants as their homestead the property above referred to.

From the order merging the temporary restraining order into a permanent injunction, the plaintiff appealed.

█ What appears to us to be the controlling question is whether the respondents had a valid homestead claim at the time they filed their voluntary petition in bankruptcy.

Rem. Rev. Stat., § 528 [P. C. § 7860], provides that a homestead may be selected at any time before sale, as therein provided,

" . . . but unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the manner provided by law for the service of summons in civil actions, it shall not be exempt from sale."

It will be observed that it is therein provided that, unless the claim of homestead is filed within thirty days after the judgment debtor has received notice of the judgment, the property shall not be exempt from sale. The declaration of homestead not having been

filed within the period required by law, the right to claim a homestead was lost.

In *Bonded Adjustment Co. v. Helgerson,* 188 Wash. 176, 61 P. (2d) 1267, it was said:

"When the judgment debtors were notified on March 16, 1935, within the statutory period, of the judgment that had been entered against them, they then had thirty days within which to file a homestead right or be forever barred from that right as regards this particular judgment. They did not do so and thereby lost their right to claim a homestead against that judgment."

■ The manner of acquisition or loss of a homestead depends upon the law of the state under which the right of homestead is claimed. That law, as declared by the court of last resort of the state, constitutes a rule of property binding upon the Federal courts with respect to homestead rights claimed in that state. 6 Am. Jur. 619.

■ When the respondents were adjudicated bankrupts, the lien of the judgment was annulled and set aside, it having been obtained within four months prior to the adjudication in bankruptcy and when the respondents were insolvent. Title 11, U. S. C. A., 228, § 107; *Clarke v. Larremore,* 188 U. S. 486, 47 L. Ed. 555, 23 S. Ct. 363; *Lockwood v. Exchange Bank,* 190 U. S. 294, 47 L. Ed. 1061, 23 S. Ct. 751; *Chicago, B. & Q. R. Co. v. Hall,* 229 U. S. 511, 57 L. Ed. 1306, 33 S. Ct. 885.

Cases which deal with the situation when there has been a valid selection of a homestead are not here applicable.

The lien of the appellant's judgment having been annulled and set aside when the respondents were adjudicated bankrupts, the appellant was not affected by the order of the trial court making the temporary

restraining order permanent, and is not in a position to question it.

What our conclusion would have been had the homestead been legally selected, is a matter not now before us and upon which we express no opinion.

The order appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

