[No. 9234-1-I. Division One. May 5, 1982.]

ALFRED ZAHRADNIK, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Eugene Stock,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Maureen Hart, Assistant,* for respondent.

JAMES, J.—Alfred Zahradnik, d/b/a Al's Auto Wrecking, appeals from the Superior Court's affirmance of a Department of Licensing order. We affirm in part and reverse in part.

Zahradnik is a motor vehicle wrecker licensed by the Department of Licensing (Department) pursuant to RCW 46.80. In November 1978, the Department issued a "Notice of Intent to Revoke, Suspend, Deny or Assess a Monetary Penalty" against Zahradnik's license. The Department alleged Zahradnik violated provisions of RCW 46.80 and regulations thereunder by, *inter alia,* failing to mark certain vehicles and major component parts of vehicles in his wrecking yard inventory with a "yard number" so that their identity could be traced in his records (contrary to RCW 46.80.110(7), RCW 46.80.080(2)(h) and WAC 308–61–240(3)).

A Department hearing examiner found Zahradnik had committed the alleged violations and assessed a civil pen-

alty of $600 against Zahradnik's license. He also ordered Zahradnik to "assign a yard number to each identifiable major component part of vehicles within his wrecking yard acquired prior to September 21, 1977, within a reasonable time from the date of this order not to exceed six months."

Zahradnik first contends the penalty provisions of RCW 46.80.110 render proceedings pursuant to RCW 46.80 quasi–criminal in nature. But the legislature may provide for civil and criminal penalties in the same act without converting a civil proceeding thereunder into a criminal or penal one. *Beckett v. Department of Social & Health Servs.*, 87 Wn.2d 184, 550 P.2d 529 (1976); *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 82 Wn.2d 265, 510 P.2d 233 (1973). Because Zahradnik's argument is neither meritorious on its face nor supported by citation of authority, we do not consider it further. *See Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 590 P.2d 816 (1979).

Zahradnik's remaining assignments of error raise issues concerning the application of RCW 46.80.080's record–keeping and identification provisions to major component parts acquired by a motor vehicle wrecker prior to the effective date of the controlling statute.

In 1977, the legislature enacted the current version of RCW 46.80.080, which imposes record–keeping requirements of substantially greater scope and detail than prior law. Laws of 1977, 1st Ex. Sess., ch. 253, § 6, p. 913. The effective date of this statute was September 21, 1977. RCW 46.80.080 provides in pertinent part:

> (1) Every motor vehicle wrecker shall maintain books or files in which he shall keep a record and a description of:
> (a) Every vehicle wrecked, dismantled, disassembled, or substantially altered by him; and
> (b) Every major component part acquired by him; together with a bill of sale signed by a seller whose identity has been verified and the name and address of the person, firm, or corporation from whom he purchased the vehicle or part: *Provided,* That major component parts

shall be further identified by the vehicle identification number of the vehicle from which the part came.

(2) Such record shall also contain the following data regarding the wrecked or acquired vehicle or vehicle which is the source of a major component part:

(a) The certificate of title number (if previously titled in this or any other state);

(b) Name of state where last registered;

(c) Number of the last license number plate issued;

(d) Name of vehicle;

(e) Motor or identification number and serial number of the vehicle;

(f) Date purchased;

(g) Disposition of the motor and chassis;

(h) Yard number assigned by the licensee to the vehicle or major component part which shall also appear on the identified vehicle or part; and

(i) Such other information as the department may require.

(3) Such records shall also contain a bill of sale signed by the seller for other minor component parts acquired by the licensee, identifying the seller by name, address, and date of sale.

(4) Such records shall be maintained by the licensee at his established place of business for a period of three years from the date of acquisition.

(5) Such record shall be subject to inspection at all times during regular business hours by members of the police department, sheriff's office, members of the Washington state patrol, or officers or employees of the department.

Prior to the enactment of this statute, wreckers were not required by statute to place identifying yard numbers on major component parts or to keep records pertaining to the acquisition or disposition of parts of vehicles other than the motor and chassis. Former RCW 46.80.080, Laws of 1967, ch. 32, § 99, p. 181. Before 1977, the Department's administrative rules required yard numbers to be placed on vehicles but not on major component parts. WAC 308–61–240(1)(a)(i).

Zahradnik initially contends application of the record-keeping requirements of RCW 46.80 to property in its own-

er's possession at the time of enactment of the law constitutes an unconstitutional ex post facto law. We do not agree.

■■ The constitutional prohibition against ex post facto laws applies only to laws inflicting criminal punishment. *Johnson v. Morris,* 87 Wn.2d 922, 557 P.2d 1299 (1976). Proceedings pursuant to RCW 46.80.110 do not entail criminal penalties. Furthermore, RCW 46.80.110 does not penalize Zahradnik for failing to place yard identification numbers upon major component parts before the effective date of the 1977 act. Even as applied, the statute penalizes only Zahradnik's failure to apply yard numbers after that date to major component parts acquired before September 21, 1977.

Zahradnik next contends the Department's decision was affected by error of law because the Department construed RCW 46.80.080's record–keeping and identification requirements as applying to items within the possession of a motor vehicle wrecker prior to the effective date of the 1977 act. Zahradnik's principal argument is that the statute was given retrospective application. We do not agree.

■ As explained in *State v. Malone,* 9 Wn. App. 122, 131, 511 P.2d 67 (1973):

> A law is said to be retrospective when it takes away or impairs a vested right acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past. . . . But a statute is not retrospective merely because it draws upon antecedent facts for its operation without changing their legal effect. . . . The question then is whether this act imposes a severer penalty for prior conduct or merely looks back to that conduct without imposing additional sanctions thereon.

Absent legislative expression to the contrary, a law is presumed to apply prospectively only. *State v. Malone, supra.* To apply RCW 46.80.080's record–keeping requirements to parts in Zahradnik's possession on September 21, 1977 would merely draw upon facts antedating the effective date of the statute; there would be no retrospective application

of the statute.

Although we do not doubt that the legislature *could* require motor vehicle wreckers to place yard numbers on major component parts acquired prior to the effective date of the 1977 act, we are not satisfied that the legislature *did* impose such a requirement.

 Neither the statute nor the rule expressly or by clear implication imposes additional record–keeping responsibilities for parts acquired before September 21, 1977. Records concerning vehicles and major component parts, as required by RCW 46.80.080(1)–(3) "shall be maintained by the licensee at his established place of business for a period of three years from the date of acquisition."[1] RCW 46.80-.080(4). The designated "information shall be entered in the wrecker's records within two business days of the event requiring the entry, such as receipt of a vehicle." WAC 308–61–240(1). The statute and its corresponding administrative rule employ prospective language and require preparation of records as vehicles and major component parts are acquired.

The expressed purpose of this state's motor vehicle wreckers legislation is to "prevent the sale of stolen vehicle parts, to prevent frauds, impositions, and other abuses . . ." RCW 46.80.005. The manifest purpose of the record–keeping scheme imposed by RCW 46.80.080 and RCW 46.80.090 is to permit the tracing of each major component part to its source vehicle and its seller. Yard numbers are an essential part of the tracing system. Conversely, yard numbers serve no useful purpose unless they are also included in records through which tracing to the source vehicle and seller can be accomplished. Because there was no requirement of record keeping for acquisitions of major component parts prior to the effective date of the 1977 act, the assignment of a yard number to each identifiable major

---

[1] The 3–year record preservation rule coincides with the maximum 3–year statute of limitations applicable to theft and possession of stolen property offenses. RCW 9A.04.080.

component part acquired by Zahradnik prior to September 21, 1977 would serve no useful purpose.

We conclude the Department's order, to the extent it directs Zahradnik to place yard numbers on major component parts acquired before September 21, 1977, was in excess of statutory authority and therefore erroneous as a matter of law.

The remainder of the Department's order imposing a $600 penalty for specific violations as provided by RCW 46.80.110 is supported by the record. Zahradnik's yard contained four 1968 Ford doors, acquired February 18, 1978, which lacked yard numbers as required by RCW 46.80-.080(2)(h). Zahradnik's yard also contained a 1967 Dodge, acquired March 12, 1975, without marked yard numbers, contrary to RCW 46.80.110(7) and Department regulations in effect since 1973. WAC 308-61-240(1)(a)(i). *See also* former RCW 46.80.080(7), Laws of 1967, ch. 32, § 99, p. 181.

Accordingly, we affirm the civil penalty imposed by the Department and reverse that portion of the Department's order requiring Zahradnik to place yard numbers on major component parts acquired before September 21, 1977.

ANDERSEN, C.J., and SWANSON, J., concur.