[No. 12370–0–I.   Division One.   February 27, 1984.]

PETER V. SEVERSON, ET AL, *Respondents,* v. THOMAS PENSKI, ET AL, *Appellants,* BERNARD G. WINCKOSKI, *Respondent.*

*Trethewey, Brink, Rossi, Todd & Clayton, Daniel Brink,* and *David Kerruish,* for appellants.

*Robert E. Ordal,* for respondents Severson.

*Norm Maleng, Prosecuting Attorney,* and *Jack G. Johnson, Deputy,* for respondent Winckoski.

ANDERSEN, J.—

FACTS OF CASE

Reduced in its essence, this case involves a judgment creditor appealing from an order extending the time within which a judgment debtor could redeem real property sold

by the sheriff at an execution sale.[1] This case concerns the effect of the enactment by the 1981 Legislature of Laws of 1981, ch. 329, which amended numerous sections of the law relating to execution sales of real estate and the rights of judgment debtors in connection therewith. Section 6 of that enactment added an entirely new provision into the law which is now codified as RCW 6.24.145. It requires that every 2 months during the statutory redemption period, a written notice must be sent to the judgment debtor (or successor) in a prescribed form advising of the debtor's redemptive rights and the consequences of a failure to timely redeem. This new statute also provides that the sole penalty for failing to send such notices, or for sending notices which do not comply with the statute, is an extension of the redemption period for 2 additional months for each missed or noncomplying notice. This new statute is set forth in full in the margin.[2]

---

[1] For convenience, we refer to the parties herein in the singular as "judgment debtor" and "judgment creditor" although the parties do involve spouses and ex-spouses as well as successors in interest to the original parties.

The case arose from these circumstances. Following their November 7, 1979 divorce, Michael and Mary Hutchison each owned a one-half interest in the real estate in question, a Seattle residence. Thereafter, Kohlstrand Supply Company obtained a $1,545.47 judgment against Michael Hutchison. On December 5, 1980, the King County Sheriff sold the subject residence to Kohlstrand pursuant to an execution order which had been issued by the superior court clerk the previous September. Instead of exercising this statutory right to redeem the property, the Hutchisons conveyed their interest in it to Peter and Joanne Severson. The conveyance, in early July 1981, was by statutory warranty deed. The Hutchisons apparently did not tell the Seversons that the property had already been sold at a sheriff's sale. On December 1, 1981, Kohlstrand in turn sold its interest in the property to Thomas and Kimberly Penski.

Claims other than the present one were involved in the trial court where suit was also brought against the Hutchisons for damages and to cancel a promissory note given as a portion of the July 1981 transaction. The assignees of the judgment debtor Kohlstrand, the Penskis, joined the Iversons, who also claimed an interest in the subject property as a result of that same transaction, and cross-claimed against the other defendants. Neither the Hutchisons nor the Iversons are parties to this appeal. The appellate record in this case does not reveal the present status of any of these additional claims.

[2] RCW 6.24.145 reads as follows:

"Every two months during the redemption period provided by RCW 6.24.140,

In the case before us, the judgment debtor's house was sold at a sheriff's sale to the judgment creditor for the amount of the judgment plus costs ($1,815.80). The sale took place on December 5, 1980 and the sheriff's certificate of purchase was issued on that date and the order confirming the sale was entered December 17, 1980. The judgment debtor's statutory redemption period is 1 year from the date of sale, RCW 6.24.140, and thus would have ordinarily expired on December 5, 1981.

The new statute requiring that the judgment debtor (or successor) be given written notice each 2 months during the redemption period, RCW 6.24.145 (footnote 2), became effective on July 26, 1981,[3] almost 5 months before the end of the redemption period in this case. Notices were never sent by the judgment creditor who argues that none were required.

The King County Sheriff, acting pursuant to an opinion of the King County Prosecuting Attorney, refused to issue a sheriff's deed to the judgment creditor after the 12-month redemption period expired, absent an affidavit to the effect that the judgment debtor had been given the written notice prescribed by the new statute each 2 months from the

---

the purchaser or his assignee shall send by certified mail, return receipt requested, and by first class mail to the judgment debtor or his successor in interest a notice advising the judgment debtor that the redemption period is expiring, how many months have expired, and how many months remain. The notice shall also state the amount for which the property may be redeemed and shall advise the judgment debtor that if the property is not redeemed he will face eviction at the end of the redemption period. The notice shall be sent to the judgment debtor at the judgment debtor's last known address and, if different, the property address. The notice shall be sent between the first day and tenth day of the second calendar month after the calendar month of the sale and the equivalent days of each succeeding second calendar month thereafter during the redemption period. The sole effect of noncompliance with this section shall be that the redemption period provided by RCW 6.24.140 shall be extended two months for each missed or noncomplying notice."

[3]The state constitution provides that unless otherwise qualified, the laws of any session take effect 90 days after adjournment sine die. The Secretary of State determined the pertinent date for the laws of the 1981 regular session to be July 26, 1981. Laws of 1981, at ii.

effective date of the statute to the end of the redemption period on December 5, 1981.[4]

The judgment creditor thereupon obtained an ex parte order from a King County court commissioner ordering the sheriff to issue a sheriff's deed. A sheriff's deed was issued accordingly and on December 21, 1981, it was recorded.

The parties in their briefs agree that on February 19, 1982, the judgment debtor gave notice of redemption which the sheriff had to refuse because his sheriff's deed had already been issued. The judgment debtor then brought this action to extend the redemption period, the judgment debtor's position being that the judgment creditor's failure to give them two written notices under the new notice statute (RCW 6.24.145) after it became effective had the effect of extending the redemption period by 4 months. The judgment debtor's action also asked that the sheriff's deed be voided and that title to the property be quieted in the judgment debtor.

On cross motions for summary judgment, the trial court granted partial summary judgment to the judgment debtor which vacated the court commissioner's order, voided the sheriff's deed and extended the redemption period for a 4-month period to compensate for the two bimonthly notices which it ruled should have been sent to the judgment debtor. Although the summary judgment did not dispose of all of the claims as to all parties, the trial court entered a written finding that there was no just reason for delay, thus making its decision appealable. RAP 2.2(d).

The judgment creditor thereupon sought direct review in the State Supreme Court and that court, in turn, referred the appeal to this court for determination.

One issue is presented.

---

[4]It should be observed that the King County Sheriff, while technically a defendant in the trial court, actively supported the judgment debtor's position there and also does so here. For this reason, we treat the sheriff, who filed a brief supporting the judgment debtor's position in this appeal, as a respondent in this appeal. As noted at page 3 of the sheriff's brief, "[t]he only interest of the Sheriff is in seeing the new law properly and consistently applied."

## ISSUE

Does RCW 6.24.145 (footnote 2), requiring that periodic notices be sent to a judgment debtor (or successor) during the redemption period following a sheriff's sale of real estate, apply to the unexpired part of a redemption period as of the July 26, 1981 effective date of this new statute?

## DECISION

We answer the question posed by this issue in the affirmative and affirm the trial court's order granting partial summary judgment in favor of the judgment debtor.

It is not argued herein that the 1981 changes in the law regarding enforcement of judgments, Laws of 1981, ch. 329, changed anything that was done before July 26, 1981, the effective date of the new enactment. Thus we are here presented with an essentially different situation from that which confronted another panel of this court in *Miebach v. Colasurdo,* 35 Wn. App. 803, 812, 670 P.2d 276 (1983), *review granted,* 100 Wn.2d 1031 (1984), wherein the court declined to apply provisions of the new enactment retroactively where all redemption rights had expired and the sheriff's deed had been issued almost 2 years before the effective date of the new law.

In the case before us, retroactive application of the new bimonthly notice statute contained in the 1981 enactment is not involved. Here, the sheriff's sale, sheriff's certificate of sale, order confirming the sale and the running of some 7 months of the 12–month redemption period are not affected. As observed in *Bonded Adj. Co. v. Helgerson,* 188 Wash. 176, 178, 61 P.2d 1267 (1936), "a certificate of sale executed by a sheriff does not vest title, being at most but evidence of an inchoate estate that may or may not ripen into an absolute title."

██ It is well established that "a statute is not retrospective merely because it draws upon antecedent facts for its operation without changing their legal effect." *Zahradnik v. Department of Licensing,* 31 Wn. App. 771, 775, 644 P.2d 742 (1982), quoting with approval from *State v.*

*Malone,* 9 Wn. App. 122, 131, 511 P.2d 67, *review denied,* 82 Wn.2d 1011 (1973). *Accord, Bates v. McLeod,* 11 Wn.2d 648, 654, 120 P.2d 472 (1941).

By enacting RCW 6.24.145 the Legislature required that judgment debtors be given additional notice of their redemption rights; it is thus primarily a procedural statute. 3 C. Sands, *Statutory Construction* § 67.02 (4th ed. 1974).

The rule applicable to the situation presented is that

> where a new statute deals only with procedure, prima facie it applies to all actions—to those which have accrued or are pending, and to future actions. But steps already taken, including pleadings, and all things done under the old law continue effective, unless an intent to the contrary is plainly manifested. *Absent a clearly expressed legislative purpose to the contrary, pending cases are only affected as to future proceedings from the point reached when the new law becomes operative.*

(Footnotes omitted. Italics ours.) 2 C. Sands, *Statutory Construction* § 41.04, at 253–54 (4th ed. 1973). *Accord, Luxmanor Citizens Ass'n v. Burkart,* 266 Md. 631, 296 A.2d 403, 410 (1972). *See Matanuska Maid, Inc. v. State,* 620 P.2d 182, 186–87 (Alaska 1980) and the cases cited therein.

Applying the foregoing principles to the facts of the case before us, when RCW 6.24.145 (footnote 2) became effective on July 26, 1981, the judgment creditor was required to henceforth send notices in accordance therewith for the unexpired portion of the redemption period. Applying the formula contained in that statute, two such notices should have been given to the judgment debtor (or successor) herein and, since they were not, the redemption period was extended for 4 months. Since redemption was tendered by the judgment debtor within this extended time period, it should have been accepted. Thus the trial court did not err in granting the partial summary judgment that it did.

This interpretation of the new statute, RCW 6.24.145, does not give it retroactive application but gives it immediate prospective application in accordance with the principles herein stated.

Affirmed and remanded for further proceedings not inconsistent herewith.

CALLOW, J., and JOHNSEN, J. Pro Tem., concur.

Review denied by Supreme Court May 11, 1984.